EDWARD JABBOUR *vs.* CENTRAL CONSTRUCTION COMPANY.

Suffolk.  April 6, 1921. — May 25, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Negligence,* Motor vehicle, In use of highway.  *Evidence,* Presumptions and burden of proof, Matter of conjecture.

In an action to recover for injuries received by a boy four and one half years old, there was evidence tending to show that he was seen stepping from a dwelling house to a sidewalk singing, a minute or two later was heard to call loudly and was seen lying injured upon the sidewalk, just at the edge of the sidewalk toward the street, with his legs toward the street; that just before he was found a motor truck of the defendant, to which was attached a concrete mixer with a hook and chain dragging behind, came down the left hand side of the street and that it did not stop after the accident.  The plaintiff did not testify and there was no evidence as to what part of the street he was in when struck, what he then was doing nor how the accident happened.  *Held,* that, while a finding was warranted that the plaintiff was run over by the truck or mixer or both, there was nothing disclosed by the record from which an inference could reasonably be drawn that the plaintiff's injuries were caused by the negligence of the operator of the truck, nor was there any other evidence of negligence of the defendant.

TORT for injuries received on November 22, 1916, when the plaintiff, a child four and one half years old, was knocked down and run over near the corner of Washington and Cowing streets in that part of Boston called West Roxbury by a motor vehicle drawing a concrete mixer owned by the defendant.  Writ dated April 10, 1917.

In the Superior Court the action was tried before *White,* J.  The material evidence is described in the opinion.  At the close of the plaintiff's evidence, the judge, upon motion by the defendant, ordered a verdict for the defendant and at the request of the parties reported the case for determination by this court upon the stipulation that: "if the ruling and direction was right then judgment is to be entered for the defendant on the verdict; if the case ought to have been submitted to the jury, then judgment is to be entered for the plaintiff and damages assessed in the sum of $3,000."

The case was submitted on briefs.

*S. Parsons, A. G. Wadleigh & P. F. Crowley,* for the plaintiff.

*J. A. Dennison & R. Gallagher,* for the defendant.

CROSBY, J.  This is an action of tort to recover for personal injuries received by the plaintiff on November 22, 1916.  At the close of the plaintiff's evidence the defendant filed a motion requesting that a verdict be ordered in its favor; the motion was allowed subject to the exception of the plaintiff.

The accident occurred near the corner of Washington and Cowing streets in Boston, and a short distance from where the plaintiff lived.  His mother testified that he was about four and a half years old when injured; that during the forenoon of the day of the accident she had been with him in her back yard where he was playing; that about noon she went up stairs to get his dinner and ten or fifteen minutes later when she went to call him he was not in the yard; that he was accustomed to play there and she had never known of his going away alone; that she immediately started to go out and find him when a woman came in and informed her of the accident.  Mrs. Saegh, who lived near the corner of Washington and Cowing streets, testified that the plaintiff called at her house and after a short time went out as if to go home; " that she heard him singing and she looked out of the window just as he was going off the step on to the sidewalk on Washington Street; that she turned from the window and then in about a minute or two she heard him call loudly and she opened the window and saw he was lying on the ground; that . . . [he] was lying near the post his head toward Cowing Street and his legs near the street and just at the edge of the sidewalk and the street."  There was also evidence that just before he was found an automobile truck to which was attached a concrete mixer came down the left side of the street, but that it did not stop after the accident.  It was admitted at the trial that it was owned by the defendant.  The evidence was amply sufficient to warrant a finding that the plaintiff was run over by the truck or mixer or both.

Although several witnesses testified to seeing the plaintiff while he was lying on the ground, it does not appear from the record that any one was an eyewitness to the accident.  He did not testify and there was no evidence to show his movements from the time he was seen stepping on to the sidewalk after he left Mrs. Saegh's house until he was seen lying on the ground; and there was nothing

to indicate just where he was on the street, nor what he was doing when struck, nor how the accident happened; it is purely a matter of conjecture. The plaintiff argues that the evidence that the truck and mixer was being operated along the left side of the street at a considerable speed was evidence of negligence of the defendant; the conclusive answer to this is that the evidence if believed does not show that the operation on the left side of the street of the truck and mixer, or its speed, caused or contributed to the plaintiff's injuries.

There was also evidence that a chain with a hook attached to it dragged along on the ground behind the mixer. The plaintiff's counsel contends that the plaintiff without fault on his part might have stepped on the chain and been jerked forward under the wheels of the machine, or that the chain may have dragged upon the sidewalk and caught the plaintiff, and thrown him under the machine or otherwise injured him. The difficulty with these contentions is that there is no evidence which would warrant a finding that the plaintiff was so injured; such a conclusion would be without proof, and could rest only on speculation. The burden of proving negligence on the part of the defendant was on the plaintiff; there is nothing disclosed by the record from which an inference could reasonably be drawn that his injuries were caused by the negligence of the operator of the truck, nor is there any other evidence of negligence of the defendant. *Williams* v. *Citizens' Electric Street Railway*, 184 Mass. 437. *Sullivan* v. *Old Colony Street Railway*, 197 Mass. 512, 515. *Sanderson's Case*, 224 Mass. 558. *Dube's Case*, 226 Mass. 591. *Moynihan* v. *Boston & Maine Railroad*, 227 Mass. 180, and cases cited. *McMahon's Case*, 236 Mass. 473.

In accordance with the report, judgment must be entered for the defendant on the verdict.

*So ordered.*