ELEANOR J. GOETZE *vs.* WILLIAM G. DOMINICK.
FREDERICK H. GOETZE *vs.* SAME.

Berkshire.    September 18, 1923. — September 20, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Entry of verdict under G. L. c. 231, § 120. *Negligence,* Motor vehicle, In use of highway. *Evidence,* Matter of conjecture.

It is in accordance with the procedure authorized by G. L. c. 231, § 120, for the judge presiding at the trial of an action of tort, before recording a verdict for the plaintiff returned by the jury, to state to them that with their consent he reserved " the right to enter a verdict for the defendant, either in this court or the Supreme Judicial Court, upon a consideration of " questions of law, and nine days later to order a verdict for the defendant which is duly recorded; and such a verdict for the defendant, when recorded, becomes the verdict of the jury by their consent, given while still acting upon the case and before their discharge, as if originally so pronounced, it not being necessary to go through the form of setting aside the verdicts returned by the jury or to conform to the provisions of G. L. c. 231, §§ 127–131.

A finding for the plaintiff in an action by a girl five years and two months of age against the operator of a motor car which ran into her on a public way is not warranted where there is no evidence as to the conduct of the child immediately preceding the accident, so that the circumstances of the accident are left to conjecture.

TWO ACTIONS OF TORT, the first action being for personal injuries suffered by the plaintiff when, at the age of five years and two months, she was run into by a motor car driven by the defendant on Lyman Street in Pittsfield, and the second action being by the father of the plaintiff in the first action for consequential damages. Writs dated June 19 and August 1, 1922, respectively.

In the Superior Court, the actions were tried together before *N. P. Brown,* J. There was no evidence as to the conduct of the plaintiff in the first action just preceding the accident. The defendant rested at the close of the plaintiffs' evidence. The jury found for the plaintiff in the first action in the sum of $200, and for the plaintiff in the second action in the sum of $300, the trial judge, with the consent of the jury, as described in the opinion, under G. L. c. 231, § 120, before the recording of the verdicts reserving " the right to enter a verdict for the defendant either in this court or the Supreme Judicial Court, upon a consideration of " questions of law. Nine days later verdicts for the defendant were entered. The plaintiffs alleged exceptions.

*G. A. Prediger,* for the plaintiffs.

*J. M. Rosenthal,* (*J. B. Cummings* with him,) for the defendant.

Rugg, C.J. The defendant in these cases rested at the close of the plaintiffs' evidence and moved that a verdict be directed in his favor. The judge submitted the cases to the jury. A finding was returned for the plaintiff in each case. When the foreman rendered the verdicts the judge stated to the jury, " In view of certain questions of law which have been raised, with your consent I am going to reserve the right to enter a verdict for the defendant, either in this court or the Supreme Judicial Court, upon a consideration of those questions of law. With that reservation the verdicts may be recorded." Nine days later the judge ordered verdict to be entered in each case for the defendant, and the plaintiffs excepted. This procedure conforms to the words of G. L. c. 231, § 120. *Kaminski* v. *Fournier,* 235 Mass. 51, 55. Its effect under the statute was to substitute the later order of the court for the earlier verdicts returned by the jury. When entered by order of the court, they became verdicts of the jury by their consent, given while still acting upon the cases and before their discharge, as if originally so pronounced. *Mead* v. *Robinson,* Barnes, 451. *Treacher* v. *Hinton,* 4 B. & Ald. 413, 416. *Dublin, Wicklow, & Wexford Railway* v. *Slattery,* 3 App. Cas. 1155, 1204, 1205. It was not necessary to go through the form of

setting aside the verdicts returned by the jury or to conform to the provisions of G. L. c. 231, §§ 127–131.

These are actions of tort to recover damages caused by the operation of an automobile on a public street. It is not necessary to narrate or to summarize the testimony. There is in the record no evidence to warrant a finding that the injuries sustained by the plaintiffs resulted from negligence of the defendant. The case is governed by *Jabbour* v. *Central Construction Co.* 238 Mass. 453, and *Nager* v. *Reid*, 240 Mass. 211. *O'Donnell* v. *Bay State Street Railway*, 226 Mass. 418.

*Exceptions overruled.*