MARY J. WHALEN, administratrix, *vs.* PATRICK B. MUTRIE.

Suffolk.    November 16, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Motor vehicle, Res ipsa loquitur.  *Evidence*, Presumptions and
burden of proof, Matter of conjecture.

At the trial of an action by an administratrix against the owner of a motor
truck for causing the death of the plaintiff's intestate, there was evidence
that the intestate was sixty years of age, of good health, hearing and
sight.  A single witness testified as to the accident and stated in substance
that he saw the accident at half past seven in the morning, that he did not
see the intestate until he was under the truck, the right front wheel already
having gone over him and the truck having stopped; that he did not see
where the intestate came from or where he was going, but he saw him fall.
He was asked, " Did you see " the intestate " before the instant that he
was hit? " and answered, " No, sir."  He also was asked, " Where was "
the intestate " the first sight of him you had? " and answered, " The first
time I see him he was falling and the truck on top of him."  He further
testified that he saw people crossing the street but no other automobiles
were moving; that as the truck came toward him and after it passed him
its direction was not changed and no horn was blown; that he kept his
eyes on the truck as he crossed the street; " I started off from the sidewalk
and walked ordinary way, but as soon as I see this truck come fast I just
skipped like that and turned my head and looked to see."  *Held*, that
    (1) There was no evidence of the defendant's negligence;
    (2) Negligence on the part of the defendant or of his servant or agent
could not be inferred merely from the happening of the accident;
    (3) The fact, that when the witness saw the truck it was going " fast,"
was too indefinite, without anything else to indicate the rate of speed, to
warrant a finding of negligence;
    (4) There was no evidence to prove that the driver of the truck saw the
plaintiff's intestate or, in the exercise of due care, could have seen him until
the moment of the accident;
    (5) It could not have been found that the failure to blow the horn of the
motor truck in the circumstances contributed to the accident.

TORT for causing the death of Joseph F. Whalen, the plain-
tiff's intestate, who was run into by a motor truck owned by
the defendant and operated by his employee.  Writ dated
July 14, 1921.

In the Superior Court, the action was tried before *Lum-
mus*, J.  Material evidence is described in the opinion.  At

the close of the plaintiff's evidence, the defendant rested. The action was submitted to the jury, who returned a verdict for the plaintiff in the sum of $4,436. Before the verdict was recorded, the trial judge reserved leave, with the assent of the jury, to enter a verdict for the defendant if " upon the exceptions taken or questions of law reserved," the Superior Court or " the Supreme Judicial Court should decide that such verdict for the defendant should have been entered." The defendant thereupon moved for a verdict in his favor, and such a verdict was ordered subject to an exception by the plaintiff.

*S. E. Duffin,* for the plaintiff.

*C. L. Allen,* for the defendant.

CARROLL, J. On May 9, 1921, the plaintiff's intestate received fatal injuries, from a collision with the defendant's automobile truck, on Dorchester Avenue, a public highway in the city of Boston. The truck, at the time of the accident, was operated by an employee of the defendant, engaged in his employer's business. The jury viewed the scene of the accident.

There was evidence that the deceased was sixty years of age, and of good health, hearing and eyesight. The only testimony concerning the accident came from one witness, who testified that as he was crossing Dorchester Avenue, he saw the plaintiff's intestate killed, about half past seven o'clock in the morning; that he did not see him until he was under the truck; that " the right front wheel " had gone over him and " a hind wheel pressed on him " and the truck was stopped; that he didn't see where Whalen came from or where he was going but he saw him fall. In response to a question from the court, " Did you see Whalen before the instant that he was hit? " he said, " No, sir; " and in answer to the question, " Where was Whalen the first sight of him you had? " the witness stated, " The first time I see him he was falling and the truck on top of him." He further testified that the morning was clear; that he saw people crossing the street, but no other automobiles were moving; that as the defendant's truck came toward the witness and after it passed him, its direction was not changed and no horn

was blown; "that as the witness was crossing the street . . . he kept his eyes on the truck; . . . I started off from the sidewalk and walked ordinary way, but as soon as I see this truck come fast I just skipped like that and turned my head and look to see."

No evidence was offered by the defendant, who moved for a directed verdict. The jury found for the plaintiff, and the trial judge reserved leave, with the assent of the jury, under G. L. c. 231, § 120, to enter a verdict for the defendant. The defendant then moved that a verdict be entered under the reserved leave, which motion was allowed and the plaintiff excepted.

There was no evidence of the defendant's negligence. The intestate was not seen by any one until the instant he was struck; where he came from, what he was doing, whether walking or running, in what direction he was moving, is entirely a matter of conjecture: there is nothing to show how the accident happened. The burden of proof to show the defendant's negligence was upon the plaintiff, and such negligence cannot be inferred, in a case like this, merely from the happening of the accident. *Reardon* v. *Boston Elevated Railway, ante,* 124. *Jabbour* v. *Central Construction Co.* 238 Mass. 453. *Nager* v. *Reid,* 240 Mass. 211. *Baglio* v. *Director General of Railroads,* 243 Mass. 203. *Rizzittelli* v. *Vestine,* 246 Mass. 391. The fact that when the witness saw the truck it was going " fast " is too indefinite, without anything to indicate the rate of speed, to warrant a finding of negligence. *Selibedea* v. *Worcester Consolidated Street Railway,* 223 Mass. 76. *O'Donnell* v. *Bay State Street Railway,* 226 Mass. 418. There was no evidence to prove that the driver of the truck saw the plaintiff's intestate, or in the exercise of proper care could have seen him until the moment of the collision; it could not have been found that the failure to blow the horn contributed to the accident. See *Lovett* v. *Scott,* 232 Mass. 541.

*Exceptions overruled.*