GEORGE McGRIMLEY *vs.* NELSON H. JAMESON.

Suffolk.    January 7, 1937. — May 24, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way, Violation of law. *Law of the Road.*

Evidence did not warrant a finding of negligence of the operator of a motor truck which struck a boy who had got off a street car and walked around the front of it into the path of the truck as, proceeding at a speed not shown to have been unreasonable or improper, it was passing the street car on its left while going in the same direction on a one-way street.

The act of the operator of a motor vehicle in passing to the left of a street car going in the same direction on a one-way street was not a violation of any statute.

TORT. Writ in the Superior Court dated April 9, 1932.

The action was tried before *Goldberg*, J. There was a verdict for the plaintiff in the sum of $2,500. The defendant alleged exceptions.

*R. J. Coffin*, for the defendant.

*O. Gallagher*, for the plaintiff.

QUA, J. The defendant excepts to the denial of his motion that a verdict be directed in his favor. The only count now material alleges that the defendant, his agents or servants, negligently ran a motor truck into and upon the plaintiff, causing personal injury.

The evidence upon which the plaintiff must rely was in substance this: South Street in the Roslindale section of Boston was a one-way street upon which traffic proceeded in a westerly direction. It was from thirty-five to thirty-six feet wide between curbs, with a single-track trolley line in the center. The distance from the southerly car rail to the southerly curbstone was at least fourteen feet. On March 7, 1932, the plaintiff, then about nine years old, alighted in the rain from the front end of a street car which was proceeding westerly on this track and which had

stopped with its rear end at a regular stopping pole near the plaintiff's school. The car was forty or more feet long. The plaintiff turned to his left and walked around the forward end of the car. At that moment the defendant's truck, also proceeding westerly, passed on the left or southerly side of the car. The plaintiff stopped when he saw the cab of the truck go by. He "did not have time to do anything" before he was hit by the corner of the body of the truck, which projected sidewise beyond the cab. The truck "kept going about twenty feet beyond the electric car before it came to a stop." When the plaintiff was hit he staggered four or five feet, in what direction did not appear, and fell near the rear wheels of the truck.

A careful search of the record fails to reveal anything more than the foregoing which in our opinion could be deemed helpful to the plaintiff's case. The defendant's evidence tended to show that the plaintiff ran in front of the street car with his head down; that a policeman, seeing him, "hollered 'Look out'"; and that the truck stopped immediately.

If the jury accepted the plaintiff's version in its entirety, there was nothing to support a finding of negligence on the part of the truck driver. He violated no statute in passing to the left of the street car. G. L. (Ter. Ed.) c. 89, §§ 2, 6. *Foster* v. *Curtis*, 213 Mass. 79. St. 1913, c. 223. St. 1917, c. 344, Part 7, §§ 2, 6; Part 8, § 1 (last paragraph). G. L. c. 89, § 2. See now also St. 1933, c. 301. The only evidence as to local traffic regulations was to the effect that a rule forbidding the overtaking and passing of street cars on the left did not apply to one-way streets. There was no violation of G. L. (Ter. Ed.) c. 90, § 14, as the truck did not pass on the side of the car from which the passengers were alighting. No circumstances were shown which would render the passing on the left an act of negligence. There was no evidence that the speed of the truck was unreasonable or improper. That it "kept going about twenty feet beyond the electric car" may as well have referred to the forward end of the truck as to the rear end. It did not appear in what distance the truck could be stopped at

various speeds. So far as appears it was stopped as soon as possible after the driver could see the plaintiff. *Lovett* v. *Scott*, 232 Mass. 541. *Jabbour* v. *Central Construction Co.* 238 Mass. 453, 455. *Nager* v. *Reid*, 240 Mass. 211, 214. *Rizzittelli* v. *Vestine*, 246 Mass. 391. *Whalen* v. *Mutrie*, 247 Mass. 316, 318.

There was no evidence in support of the plaintiff's suggestions that the plaintiff was on a cross walk, or that the accident occurred within an intersection or while the truck was approaching an intersection, or that the truck did not slow down upon approaching the plaintiff. G. L. (Ter. Ed.) c. 90, § 14.

We need not consider the question of contributory negligence.

> *Exceptions sustained.*
> *Judgment for the defendant.*