RICHARD O'REILLY *vs.* ELI SHERMAN.

JOHN O'REILLY *vs.* SAME.

Middlesex.     November 10, 1937. — December 1, 1937.

Present: FIELD, LUMMUS, QUA, & DOLAN, JJ.

*Negligence*, Motor vehicle.

A finding of negligence of the operator of an automobile was not warranted by evidence that, approaching the automobile after a considerable absence, he looked along both sides before starting it and did not see nor have reason to suspect the presence of a child, whom the front wheel ran over just as he started, there being no evidence as to how or when the child got under the automobile or as to his position when the operator approached it.

TWO ACTIONS OF TORT. Writs in the Second District Court of Eastern Middlesex dated August 28, 1936.

A report by *Crafts*, J., who heard the actions together and found for the plaintiffs in the sums of $3,000 and $1,721 was ordered dismissed by the Appellate Division for the Northern District. The defendant appealed.

*D. P. Donaldson*, (*A. F. Bickford* with him,) for the defendant.

*T. F. Donnelly*, for the plaintiffs.

LUMMUS, J. These are actions to recover, respectively, for personal injuries and for consequential damages, resulting from the act of the defendant in running a wheel of his automobile over the minor plaintiff, who in the narration of the facts will be called simply the plaintiff. The trial judge found for the plaintiff, and the Appellate Division sustained his action by dismissing a report. The defendant appealed.

The plaintiff at the time of the injury on July 4, 1936, was two years and three months old. There was evidence of the following facts. The plaintiff lived with his parents in a small summer cottage on the north side of a level street in Hull called Moreland Avenue. The front of the house

consisted of an open porch, from which five steps descended towards the street. From the bottom step to the northerly line of the street the distance was two and one half feet. Grass grew in the space, six feet wide, between the street line and the macadam roadway of the street.

Shortly before noon the defendant drove his automobile westerly along the street, and stopped it in front of the plaintiff's cottage on the grass plot between the macadam and the northerly line of the street. The defendant got out and entered the next cottage to the eastward. Some of the persons riding with him noticed the plaintiff on the porch near the top of the steps, but there was no evidence that the defendant noticed him. After twenty or thirty minutes, the defendant came out of the neighboring cottage, looked at the right hand side of the automobile as he approached its rear, passed along its left hand side, entered it by the left front door, sat down in the driving seat, closed the door, started the motor, raced it to warm it up, released the brake, and caused the automobile to move forward about a foot. Hearing a little cry, he stopped at once. It was found that the plaintiff was lying just behind the right hand front wheel, which had passed over his body. His head was away from the cottage, under the automobile.

How or when the plaintiff got there, or in what place or position he was when the defendant approached the automobile, did not appear. The bottom of the front bumper of the automobile was fifteen and one half inches from the ground. As the defendant sat in the driving seat, his line of vision over the radiator would strike a point two feet from the ground at a point thirteen feet in front of the automobile.

The case is not like those in which a defendant had reason to expect to find a small child about his automobile when he started it. *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323. *St. Pierre* v. *Hathaway Baking Co.* 296 Mass. 455. *Capano* v. *Melchionno*, 297 Mass. 1. Here the defendant had been away from the automobile a considerable time. When he returned no child was in sight, so far as appears. He owed only the duty of ordinary care. For all that appears, he did

all that ordinary prudence would dictate before starting the automobile. There is no evidence that the presence of the plaintiff could have been discovered without close inspection of the front of the automobile, and perhaps of other places. Ordinary care did not require that. The judge should have ruled, as requested by the defendant, that there was no evidence of negligence on the part of the defendant. In each case the order will be

*Order dismissing report reversed.*
*Judgment for defendant.*