ROBERT M. D'AMBROSIA *vs.* IRVING BREST.

SAME *vs.* EVALD C. ANDERSON.

JOSEPH D'AMBROSIA *vs.* IRVING BREST.

SAME *vs.* EVALD C. ANDERSON.

Norfolk.     January 9, 1939. — February 1, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Negligence*, Motor vehicle.

A finding of negligence of the operator of an automobile was warranted by evidence of the circumstances in which he struck a child at the side of a driveway on premises where he had reason to anticipate the presence of children.

FOUR ACTIONS OF TORT.  Writs in the District Court of East Norfolk dated July 22, 1936.

On removal to the Superior Court the actions were tried before *Swift*, J.  There were verdicts for the plaintiff in the first and second actions in the sum of $2,000, and for the plaintiff in the third and fourth actions in the sum of $500.  The defendants alleged exceptions.

*R. J. Coffin*, for the defendants, submitted a brief.

*T. H. Kane*, for the plaintiffs.

RONAN, J.  The plaintiff in the first two actions, a minor (hereinafter called the plaintiff), seeks to recover damages for injuries sustained on June 8, 1936, when struck, while in his own yard, by an automobile operated by Anderson and owned by Brest.  The other two actions were brought to recover for consequential damages.  The jury returned verdicts for the plaintiffs and the defendants excepted to the refusal of the judge to direct verdicts in their favor.

Anderson, during the course of his employment by a furniture dealer, had become familiar with the premises where the plaintiffs lived, including a driveway leading from the street to the house.  This driveway, in the main, consisted of wheel ruts.  In places it was covered by patches of grass and gravel and it skirted along a row of birch trees and brush, located ten or twelve feet from its right hand side.  Anderson knew that children lived upon the premises, and on occasions previous to the accident had seen them in the driveway, on the lawn and around the trees.  As he drove into the driveway just before the accident he did not know where to look "for these children as they might be in the driveway, bushes, or in front of the house or [at] the side of the house."  He did not see any children and he had driven up to the house before he was informed that he had struck the plaintiff, who was then on the grass about thirty feet in from the street and about a foot to the right of the tire marks made by the right wheels of the automobile.  These marks were three feet to the right of the driveway.

The plaintiff's mother, in order to attend to a household duty, had left him, about a minute before the accident, with his five year old brother on the lawn by the side of the

house and at a distance of about twenty feet from the driveway. The plaintiff was twenty months old and had been walking for six months before the accident.

The only contention made by the defendants is that the evidence was insufficient to show negligence of the operator of the automobile. Viewing the evidence, as we must, in the light most favorable to the plaintiffs, a jury, having in mind the speed of the automobile and the ordinary movements of a twenty months old child, could properly find that, soon after the automobile turned from the street into the driveway, the plaintiff was either then at the place where he was injured or was in plain sight as he was travelling toward that place, even if he came from the line of trees or brush; and that the operator could and should have seen him in time to avoid striking him, as he said he did, with the right side of the automobile. The plaintiffs were not bound to show the precise manner in which the accident occurred since it is clear that, upon the record, the conclusion was warranted that the operator failed to take reasonable care to avoid injuring the child. *Brown* v. *Daley*, 273 Mass. 432. *Minsk* v. *Pitaro*, 284 Mass. 109. *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323. *St. Pierre* v. *Hathaway Baking Co.* 296 Mass. 455. *Capano* v. *Melchionno*, 297 Mass. 1.

*Exceptions overruled.*