## DANIEL T. BURKE *vs.* WILLIAM L. DURLAND.

Suffolk.     October 5, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence,* Motor vehicle, Use of way, Violation of law. *Proximate Cause.*

A finding of negligence of the operator of a motor truck toward a child, standing close to its right side and injured when it was started and was turned to the right, was not warranted on evidence not showing that the operator, who could not see the child as he boarded the truck from the left side, had reason to suppose that the child was there.

Assuming that a motor vehicle had been parked in violation of a municipal traffic rule respecting the direction in which parked vehicles should face and their distance from the curb, such violation could not be found to have been the proximate cause of the vehicle's injuring a child whom the operator could not see standing close to its right side when he started it and turned to his right.

TORT. Writ in the Municipal Court of the City of Boston dated October 13, 1939.

Upon removal to the Superior Court, the action was tried before *Walsh,* J.

*M. H. Tobin & E. McPartlin,* for the plaintiff, submitted a brief.

*C. S. Maddock,* for the defendant.

LUMMUS, J. The defendant's truck was driven by his employee, one Cameron, northerly on Tennyson Street in Somerville and was stopped on the westerly or left hand side of the street, for the purpose of making a delivery of bread. Cameron left the truck and made a delivery of bread to a customer. The plaintiff, who was four years and nine months old, with other boys climbed on the back of the truck. The plaintiff got on the right side of the truck where there was a spare tire. The truck had a paneled body with no windows in the sides. In his position the plaintiff could not see Cameron, and Cameron could not see him. Cameron "hollered at the boys" and they got off.

When the plaintiff got off he stood in the street, apparently on the right side of the rear of the truck. Cameron boarded the truck on its left side, and started it. The truck started straight forward, and then turned fast to the right. The plaintiff's coat caught on the wheel (apparently the rear right wheel), and dragged him under the wheel, where he was hurt. The foregoing are the facts most favorable to the plaintiff that could be found upon the evidence. The judge granted the defendant's motion for a directed verdict in his favor, and the plaintiff excepted.

A traffic rule of the city of Somerville read as follows: "No driver shall stop, stand or park a vehicle in any of the following places, except when necessary to avoid conflict with other traffic, or with pedestrians, or in compliance with the direction of a police officer or traffic sign or signal: . . . (i) Upon the roadway where parking is permitted unless both wheels on the side of the vehicle adjacent to the curb are within one (1) foot of the curb or edge of the roadway and headed in the direction of traffic except where angle parking is permitted or commercial vehicles are backed to the curb."

Apart from the traffic rule, we think there was no sufficient evidence of negligence on the part of Cameron. When he started the truck, he had apparently driven the boys away, and had no reason to suppose that any of them remained in a place of danger. He could not see the plaintiff. The case somewhat resembles *O'Reilly* v. *Sherman*, 298 Mass. 571. It is distinguishable from *Capano* v. *Melchionno*, 297 Mass. 1, where the operator of the truck had reason to·expect that a child was on the truck when he started it, and had a good view of the back of the truck out of the back window; and from *D'Ambrosia* v. *Brest*, 302 Mass. 316, 318, where "the operator could and should have seen him [the plaintiff] in time to avoid striking him."

As to the traffic rule, it did not appear that there was only one "direction of traffic" on Tennyson Street, or how near the wheels were to the curb. But if it be assumed that the traffic rule was violated, its violation has no legal consequence unless it bore a causal relation to the accident,

*Kelly* v. *Hathaway Bakeries, Inc., post,* 297, and cases cited. In this case there is nothing to indicate that the accident would not have happened however the truck was parked.

*Exceptions overruled.*