DOROTHY CIOFFI *vs.* MARCUS H. LOWELL.

Middlesex.    May 5, 1942. — June 1, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Negligence,* Motor vehicle.

A finding of negligence of the operator of an automobile which struck a child about three years of age was not warranted by evidence merely that the operator, before getting into the automobile in a yard, saw the child playing in a place of safety five or six feet away from the right rear of the automobile, that "without paying further attention to" him the operator got into the automobile and started it, and that as it started he heard the child scream and stopped and found the child about two feet from the right rear wheel.

TORT. Writ in the Third District Court of Eastern Middlesex dated November 7, 1940.

There was a finding for the plaintiff by *Stone,* J. A report was ordered dismissed by the Appellate Division for the Northern District, and the defendant appealed.

The case was argued at the bar in May, 1942, before

*Field*, C.J., *Donahue, Qua, Dolan*, & *Cox*, JJ., and after the retirement of *Donahue* & *Cox*, JJ., was submitted on briefs to *Lummus, Ronan, Wilkins*, & *Spalding*, JJ.

W. I. *Badger, Jr.*, for the defendant.

I. N. *Samuels*, (*E. Mitrano* with him,) for the plaintiff.

QUA, J. On September 9, 1940, the plaintiff, a child about three years and two months of age, was struck and injured by an automobile driven by the defendant.

The plaintiff's parents were occupying a summer cottage on Ocean Street in Marshfield. The defendant's father had allowed the defendant and his wife to occupy over the week-end the adjoining premises owned by the defendant's father. In the rear of both premises was an unfenced "open space or yard." There was "no apparent division" of the portions of this space pertaining to the respective cottages. The plaintiff was accustomed to play in the entire space without regard to the property line. The defendant's father had seen her playing on his part of the "yard" a number of times and had spoken with her but had never objected to her presence. There was no evidence that the defendant himself had ever seen her there before the day of the accident.

On the occasion of the accident the defendant came out of the back door of the cottage occupied by him and saw the plaintiff playing in the open space in the rear of that cottage on land of the defendant's father. She was near the back of the defendant's automobile and five or six feet away from its right side. "Without paying further attention to her" the defendant got into the automobile and started it. "As it started" he heard the plaintiff scream and stopped the automobile after it had gone about half its length. When he got out the plaintiff was about two feet from the right rear wheel.

We have stated all the evidence bearing upon negligence of the defendant. Without pausing to discuss the problems involved in finding that the plaintiff was more than a mere licensee on land of the defendant's father (see *Cohen* v. *Davies*, 305 Mass. 152, 154–155) or in fixing upon the defendant liability to a licensee (see *Sarna* v. *American Bosch*

*Magneto Corp.* 290 Mass. 340, 344–345), we are of opinion that even if the defendant owed to the plaintiff the duty to exercise ordinary care, the evidence would not warrant a finding that negligence on the part of the defendant caused the accident. When the defendant saw the plaintiff she was in a position of safety. There was no evidence that she was then running about, so that she was likely immediately to place herself in a position of danger. So far as appears she may have been occupied in some manner indicating a probability that she would remain where she was for some appreciable length of time. The automobile may have been close to the rear door of the house, and the time between the defendant's seeing the plaintiff in a place of safety and the starting of his automobile may have been very short. The relative positions of the automobile and of the plaintiff may have been such that the defendant could not see the plaintiff while he was starting his automobile. It is often difficult, if not impossible, to avoid some interval between the last sight of a child on the ground and the starting of an automobile. It is not shown that "further attention" by the defendant toward the·plaintiff would have avoided the accident, or that a warning that the defendant was about to start (if the record can be construed to support a finding that the defendant gave none) would have afforded the plaintiff any information not already made evident from the process of starting. The evidence seems to us too meager to warrant a finding for the plaintiff without the aid of assumptions in her favor unsupported by proof. For these reasons we distinguish the case from *Tenney* v. *Reed,* 262 Mass. 335, *Capano* v. *Melchionno,* 297 Mass. 1, 7–8 (described in the opinion as a close case), and *D'Ambrosia* v. *Brest,* 302 Mass. 316. This case is also distinguishable from cases involving the backing of the vehicle with knowledge of the presence of children but without looking, such as *Dowd* v. *Tighe,* 209 Mass. 464, 466, *Minsk* v. *Pitaro,* 284 Mass. 109, 112, and *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323. We think it is to be classed with *O'Reilly* v. *Sherman,* 298 Mass. 571, and *Burke* v. *Durland,* 312 Mass. 291. The case of *St.*

*Pierre* v. *Hathaway Baking Co.* 296 Mass. 455, turned upon another point.

The order of the Appellate Division dismissing the report is reversed, and judgment is to be entered for the defendant.

*So ordered.*