VELMA W. CALLAHAN, administratrix, *vs.* MICHAEL W.
LACH & another.

Suffolk.    October 10, 1958. — December 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Negligence*, Motor vehicle. *Evidence*, Matter of conjecture.

Evidence of the circumstances of a collision between a dump truck and a
child discovered lying in a street close to a driveway immediately
after the operator of the truck had driven it slowly out of the driveway,
at the far end of which the child had been standing in a place of safety
watching it unload stone dust, and had turned it onto the street left
it a matter of conjecture as to what happened immediately preceding
the collision and did not show that the operator, who before leaving
the driveway inquired of a fellow employee as to the child's where-
abouts and was assured of his safety, had reason to suppose that the
child was in or likely to move into a place of danger or warrant a
finding of negligence on the part of the operator.

TORT.    Writ in the Municipal Court of the City of Boston
dated February 2, 1955.

Upon removal to the Superior Court, the action was tried
before *Goldberg*, J.

*John J. Dolan*, (*Joseph J. Walsh* with him,) for the de-
fendants.

*Mack M. Roberts*, (*Hertz N. Henkoff* with him,) for the
plaintiff.

RONAN, J.    This is an action of tort brought against the
defendant Lach and three of his employees, Frazer, Melan-
son and Nihiley, to recover for the death and conscious suf-
fering of the plaintiff's intestate, a boy aged six years, re-
sulting from a collision with a truck owned by Lach and
operated by Frazer on June 9, 1954.    The plaintiff waived
the counts against Melanson and Nihiley and the judge de-
nied the motions of Lach and Frazer for directed verdicts
for them.    Their exceptions bring the case here.    Lach was

not present at the accident and his liability depends on the conduct of his servant Frazer, the operator of the truck. The real issue is the alleged negligence of Frazer.

There was evidence of the following: Lach and his employees were engaged in resurfacing a driveway which extended easterly from the east side of Grove Avenue in Randolph to a garage. The driveway averaged nine feet in width and Grove Avenue, which ran north and south, was twelve or thirteen feet wide. On the afternoon of June 9, 1954, Frazer arrived with a truck load of stone dust. He backed the truck into the driveway and distributed the dust in small piles over the easterly portion of the driveway. His dump truck, which had a left hand drive, was seventeen or eighteen feet long and about seven feet wide. The intestate passed the truck as it was backing in and stood by the garage building at the easterly end of the driveway watching the unloading of the truck. He was about twenty-two feet in back of the truck when Frazer locked the tail gate. Melanson told the intestate to stay where he was and instructed Frazer to leave the driveway. Melanson and Nihiley both left the easterly end of the driveway to go to their respective vehicles which were parked on the westerly side of Grove Avenue one seventy-five and the other one hundred feet north of the junction of the avenue and the driveway. From his position in the cab it was impossible for Frazer to see the boy; he inquired as to the boy's whereabouts from Melanson and was assured of his safety. Frazer then drove along the driveway at a rate of speed of three or four miles an hour and turned northerly to his right at Grove Avenue and proceeded about seventy-five feet when his attention was directed to the body of the intestate which was in the avenue a few feet out from the northerly side of the driveway on the easterly side line of the avenue. The place of the accident was located by the place where the body was picked up and by the blood spot in the avenue, but outside of this one particular no other detail is shown. There was no evidence of any marks upon the truck. There was no evidence that the intestate was seen or should have been

seen by the operator of the truck. There was nothing to indicate that he fell or stumbled in front of the rear wheel as the truck was making its turn into Grove Avenue, or that he had caught up with the middle of the body of the slowly moving truck just as it was making its turn to the right. There was no evidence that he was ever in front of the truck before the accident. No one saw the actual contact with the truck or the relative position of the intestate shortly prior to the accident.

The mere happening of an accident between a motor vehicle and a pedestrian, where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the operator of the vehicle. *Jabbour* v. *Central Const. Co.* 238 Mass. 453. *Nager* v. *Reid,* 240 Mass. 211, 214. *Goetze* v. *Dominick,* 246 Mass. 310. *Rizzittelli* v. *Vestine,* 246 Mass. 391, 392. *Whalen* v. *Mutrie,* 247 Mass. 316, 318. *McGrimley* v. *Jameson,* 297 Mass. 280. *Rogers* v. *Dalton,* 298 Mass. 146. *Luvera* v. *DeCaro,* 317 Mass. 222, 224. *Zarrillo* v. *Stone,* 317 Mass. 510, 512. *Woods* v. *DeMont,* 322 Mass. 233.

We think that this case is governed by the decisions in *Burke* v. *Durland,* 312 Mass. 291, *Cioffi* v. *Lowell,* 316 Mass. 256, and *Walker* v. *Bullard,* 317 Mass. 288, where the defendant had no reason in the circumstances to suppose that the plaintiff was in a place of danger or likely to move into a place of danger either when he started his vehicle or immediately prior to the accident; and is distinguishable from those upon which the plaintiff relies, such as *Eaton* v. *S. S. Pierce Co.* 288 Mass. 323, *Capano* v. *Melchionno,* 297 Mass. 1, *D'Ambrosia* v. *Brest,* 302 Mass. 316, *Ruggiero* v. *Mello,* 333 Mass. 295, and *Marchant* v. *Connelly,* 335 Mass. 397, where the operator of the motor vehicle knew or should have known of the presence of a child in the immediate vicinity of the path of his vehicle and in a place of danger.

*Exceptions sustained.*
*Judgment for the defendants.*