Walter RAINEY, Plaintiff, Appellant,

v.

GAY'S EXPRESS, INC., Defendant, Appellee.

No. 5532.

United States Court of Appeals
First Circuit.

March 2, 1960.

William A. Curran, Providence, R. I., with whom James L. Haley, Ayer, Mass., Kirk Hanson and Sherwood & Clifford, Providence, R. I., were on brief, for appellant.

Christopher W. Sloane, Boston, Mass., with whom Sloane & Walsh, Boston, Mass., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts entered following a directed verdict for defendant after trial.

Plaintiff-appellant, a citizen of Rhode Island, sued defendant, a New Hamp-

shire corporation with its usual place of business in Massachusetts, for injuries received in a fall from a scaffold in Gardner, Massachusetts. At the close of the evidence the defendant moved for a directed verdict in its favor. The district judge allowed the motion, stating: "The Court feels that there is not sufficient evidence for the jury to pass upon the question as to whether there was negligence here or not. Whatever decision you make (sic) would not be based on inferences, logical inferences, but would be based entirely on guesswork."

■■ The principle to be applied by this court in reviewing the record is:

" * * * In determining whether or not the evidence in a given case is sufficient to take the case to the jury over a motion for directed verdict, the evidence must be viewed in the light most favorable to the plaintiff, giving the plaintiff the benefit of every inference favorable to him which may be fairly drawn. It is not for the court to weigh the conflicting evidence or to judge the credibility of witnesses. Whenever the evidence is such that fair-minded men may draw different inferences therefrom, and reasonably disagree as to what the verdict should be, the matter is one for the jury. * * * " American Fidelity & Casualty Company v. Drexler, 5 Cir., 1955, 220 F.2d 930, 932–933, quoted in Hobart v. O'Brien, 1 Cir., 1957, 243 F.2d 735, 741, certiorari denied 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42. See also Metropolitan Coal Company v. Johnson, 1 Cir., 1959, 265 F.2d 173.

The record, in the view most favorable to plaintiff, supports the following version of the occurrences leading to plaintiff's injuries. Plaintiff was one of the painters employed by Arthur Munier Company to paint the exterior of a building in Gardner, Massachusetts. On August 15, 1956 at approximately 11 A.M. plaintiff and two other painters were at work on a scaffolding. The scaffolding was suspended from the roof of the build-

ing and hung at a point 4 or 5 inches above a canopy which was over a loading platform. There were four ropes which supported the scaffold. The excess of the northernmost rope hung down over the canopy and was coiled behind a barrel which was in front of the platform. The rope did not touch the platform because the canopy extended beyond the platform. A truck, a tractor-trailer unit, owned by defendant and driven by Walter Mattson, backed into the yard. The truck made a sharp right angle turn, and with its doors open, backed up against the platform, so that the rear of the trailer was squarely against the platform. The tractor, however, remained at a slight angle to the right (from the driver's point of view) or to the south. The driver after descending from the cab went to the platform, saw the rope hanging down, and the barrel, to the north of the rear portion of his truck. The testimony of the driver placed the rope "two and three feet" from the truck, but the driver also testified:

"Q. When you say two to three feet, from what part of your truck do you mean, what part of your truck was it nearest? A. Oh, probably—

"Q. I don't know whether you understand the question. A. From the back of the truck you mean?

"Q. From the back of the truck, out to the side of the truck. A. From the back of the truck to the side of the truck, I should think would be about two feet at the most, straight across."

The driver, after unloading some material, came down from the platform, after again noticing the rope, climbed into the cab, and started up without paying any further attention to the rope or its clearance from the trailer. The truck moved forward about twenty feet with the rope having become attached to the left rear portion of the truck in an undisclosed manner. The scaffold was pulled away from the building, and plaintiff was thrown to the ground, suffering injury.

452

From the above testimony relating to the position of the rope, it could reasonably be inferred that the rope hung down at a point along the side of the truck, somewhat forward of the left rear corner of the trailer and no more than two feet from the side of the trailer. It would also be reasonable for the jury to conclude that a rope in such a position would be in danger of being caught on the trailer, in some manner or other, when the tractor started up. Since the rope could reasonably have been found to be in a danger zone, the jury could reasonably have attributed negligence to the driver in starting up the truck when he should have realized the danger, and did not pay any further attention to the clearance of the rope.

Appellee has cited to us several cases which involved the starting of motor vehicles after observing a child in a presumably safe position vis-a-vis the vehicle. E. g., Callahan v. Lach, 1958, 338 Mass. 233, 154 N.E.2d 359; Cioffi v. Lowell, 1944, 316 Mass. 256, 55 N.E.2d 411. However, we believe that these cases are distinguishable because the record here would reasonably allow a finding that the rope was within the danger-zone.

A case which we think presents an illustration of a jury question of negligence in regard to driving a vehicle without proper attention to clearance when a danger exists of entanglement with a rope is LaBelle v. Swanson, 1956, 248 Minn. 35, 78 N.W.2d 358. In that case the evidence would support a finding that the driver of a car should have known of the presence of ropes, which hung from a scaffold, and also should have known that in turning and backing the car to get around another car the rear of his car would come in contact with the rope or rope barrel, therefore it was for the jury to say whether there was a duty of being alert as to clearance in going forward around the other car, and whether this duty had been violated.

 In Clarke v. United States, D.C. Md.1953, 115 F.Supp. 14, a driver was in a truck proceeding down a road over which a steam pipe passover was being erected. An adjustment bar was in plain sight, but the truck struck the bar and threw it, as a result of which plaintiff was injured. The district court found that the driver must or at least should have noticed that clearance was sufficiently close so that a more careful examination as to safe passage of the truck was required. The driver made no such further inquiry and was found negligent by the district court. The record in the instant case would allow a reasonable inference by the jury of an analogous situation here, and consequently there might reasonably be a dispute on the question of negligence of the driver.

A judgment will be entered vacating the judgment of the district court and remanding the case for further proceedings consistent with this opinion.