*Western District*

## ROBERT GOWING
v.
## VITA PAC PREPACKAGING CORP.

(January 10, 1962)

*Present:* Riley, P.J., Hobson & Garvey, JJ.

Case tried to *Allen, J.,* in the Central District Court of Worcester. No. 118322.

*Garvey, J.* In this tort action the plaintiff seeks to recover for damage to his motor vehicle. After a trial there was a finding for the defendant. The plaintiff claims to be aggrieved by the denial of three requests for rulings of law and his motion for a new trial.

The report states the only evidence offered at the trial was given by the plaintiff. He testified that on March 18, 1961 about 8:00 P.M. he parked his car facing east on the south side of Hammond Street in Worcester. At 11:45 P.M., after attending a meeting at a social club, he returned to his car and found it with its two front wheels on the southerly sidewalk, being lifted by a tow truck. There was damage to its *left rear bumper and panel, and left door.*

A truck, admittedly owned by the defendant and registered in its name, was also on Hammond Street. (We assume it was near the plaintiff's car, although the report does not indicate where.) There was damage to its *right front fender and its windshield was cracked.* The trial judge found, in a "memorandum", the facts to be as set out above and concluded: "On the above evidence, I rule that the plaintiff has not established by preponderance of credible evidence, that the accident was due to negligence of the defendant or his servants".

There was no error in the denial of the plaintiff's first request "that the evidence warranted a finding for the plaintiff", and in the denial of his second request, ". . . that

the defendant's motor vehicle was in control of one of its agents". They were made immaterial by the findings of the trial judge. *Rummel v. Peters,* 314 Mass. 504, 517, 518; *Liberatore v. Framingham,* 315 Mass. 538, 544; *Connell v. Maynard,* 322 Mass. 245; *Gustafson v. M. T. A.,* 333 Mass. 769; *Ricciardone v. Carvelli,* 334 Mass. 228, 231. See *Bresnick v. Heath,* 292 Mass. 293, 298.

■ The plaintiff's third request asked the court to "draw inferences from the points of contact to determine whether or not there was negligence in the operation of the defendant's motor vehicle". We can not see how the plaintiff was harmed by the denial of this fuzzy request. The trial judge, not being compelled to draw an inference of negligence, chose not to. The drawing of an inference of negligence, in some circumstances, where a proper evidential basis is presented, is permissive, not mandatory. *Rescigno v. Colonial Beacon Oil Co.,* 294 Mass. 234, 235. The doctrine "merely permits the tribunal of fact, if it sees fit, to draw from the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent". *Evangelio v. Metropolitan Bottling Company, Inc.,* 339 Mass. 177, 180. "But in a case like the present no such inference can properly be drawn." *Hadley v. Hillcrest Dairy, Inc.,* 341 Mass. 624, 630.

■ While it might have been possible on this evidence for the trial judge to find

that the defendant's truck was in a rear end collision with the plaintiff's parked car, and was prima facie responsible for its operation under G. L. (Ter. Ed.) c. 231, §85A, it falls far short of showing negligence on its part. "The mere happening of an accident . . . . where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the operator of the vehicle." *Callahan v. Lach,* 338 Mass. 233, 235; *Parsons v. Ryan,* 340 Mass. 245.

No abuse of discretion is shown in the denial of the motion for a new trial. *Bartley v. Phillips,* 317 Mass. 35, 41-42.

No prejudicial error having been found the report is ordered DISMISSED.

Morris Newman of Worcester, for the Plaintiff.
Francis P. McDermott of Belmont, for the Defendant.