Margaret **KELLY**, Plaintiff, Appellant,

v.

**LAHN TRANSPORTATION** et al., Defendants, Appellees.

No. 6861.

United States Court of Appeals First Circuit.

Heard April 4, 1967.

Decided May 5, 1967.

William J. Foley, Jr., Boston, Mass., for appellant.

Michael T. Prendergast, Boston, Mass., for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

■ This negligence suit arose out of an accident in which plaintiff, an eighty-one year old pedestrian, was struck and injured by defendant Lahn's tractor-trailer as she was crossing Massachusetts Avenue at the intersection of Boylston Street in Boston. At the close of plaintiff's evidence the district court directed verdicts for the defendants,[1] and dismissed the complaint. The only question on appeal is whether plaintiff was entitled to go to the jury on the question of defendants' negligence.

Viewing the evidence in the light most favorable to plaintiff the following facts are taken as true. Defendant's tractor-trailer was proceeding south on Massachusetts Avenue in the lane nearest the westerly curb. It was daylight. The weather was clear, the streets dry and the traffic heavy. As the front part of this vehicle, which was about forty feet in length, got about twenty feet past the intersection it had to stop because of the traffic congestion. Then, as the cars ahead began to move, the tractor-trailer moved forward at a speed of "one to three miles per hour." Just as the defendant driver started to do so, (he moved about ten feet) he heard a thump, stopped his vehicle and got out. He saw plaintiff lying on the street under the landing gear or "dolly wheels" on the left or driver's side of the trailer. According to the driver "there was blood on the left drive wheel tire which is in the rear of the cab. This is the wheel which apparently ran over her." He also stated that at no time did he see this woman. The record also indicates that plaintiff was crossing to the easterly side of Massachusetts Avenue at the southerly end of the intersection.

■■ Plaintiff's testimony as to how this accident happened is woefully lacking on the question of liability,[2] and she produced no eye witnesses to the accident. Hers was the only evidence on this crucial aspect of the case. Although plaintiff is not required to point out the exact way in which this accident happened, she does have the burden of proving that it was caused by the negligence of defendant. Purdy v. R. A. McWhirr Co., 350 Mass. 769, 215 N.E.2d 92 (1966). This is an affirmative burden which can-

---

1. The driver of the tractor-trailer, as well as the owner, was named as a defendant.

2. She stated: "We had the light to go on," and then, "I started with the traffic of course. There's four or five with me, and I didn't know anybody, but there was a man there that I had seen, and we started, and before I got, I would say, about half way, nothing else, I was hit." She remembered being under the truck after being struck and testified she heard the driver say: "I never seen that girl."

**590**

not be left to surmise, conjecture or imagination. Howard v. Lowell Coca-Cola Bottling Co., 322 Mass. 456, 78 N.E. 2d 7 (1948).

In our opinion plaintiff failed to meet this burden. To begin with, there is no evidence to warrant a finding that the driver of the vehicle in question saw plaintiff before the accident or that in the exercise of due care could or should have seen her. Callahan v. Lach, 338 Mass. 233, 154 N.E.2d 359 (1958); O'Reilly v. Sherman, 298 Mass. 571, 11 N.E.2d 446 (1937). So far as appears, he did all that ordinary care required before starting forward at the intersection. Moreover, there was no evidence whatever to show plaintiff's exact movements with reference to the trailer or how she got around to the far side of it, from the time she stepped off the sidewalk until she was discovered on the pavement. Even if it could be found that she passed in front of the truck, it does not appear when she did so, or what her movements were in the traffic thereafter. It is a matter of pure speculation and conjecture what she was doing, or in what direction she was moving when she made contact, apparently, with the left side, as distinguished from the front, of the truck. Walker v. Bullard, 317 Mass. 288, 57 N.E.2d 917 (1944); Whalen v. Mutrie, 247 Mass. 316, 142 N.E. 45 (1924); Jabbour v. Central Constr. Co., 238 Mass. 453, 131 N.E. 194 (1921). The mere happening of an accident between a motor vehicle and a pedestrian, where, as here, the circumstances immediately preceding it are left to speculation and conjecture, is not in and of itself sufficient to prove negligence on the part of the motor vehicle operator. Callahan v. Lach, supra.

Therefore, we conclude that there is nothing in the record from which an inference could reasonably be drawn or to show a greater likelihood that plaintiff's injuries here were caused by the negligence of the defendants. Purdy v. R. A. McWhirr Co., supra; Jabbour v. Central Constr. Co., supra.

Affirmed.