JAMES P. CUNNINGHAM, administrator, *vs.* THURMAN TRANSPORT, INC. & another. March 3, 1971. This is an action of tort to recover for the death

of the plaintiff's son, aged three years and five months, caused by the negligent operation by the individual defendant of the truck of the corporate defendant. The plaintiff excepts to the direction of a verdict on behalf of each of the defendants. The evidence most favorable to the plaintiff is as follows: The truck, backed into a driveway behind a candy store in a densely populated neighborhood in Dorchester with many children, was parked with its motor running and its cab extending across the sidewalk into the street while the driver made a delivery. When the driver returned, he saw children playing about 100 to 150 feet away, but there was no evidence that anyone saw the plaintiff's intestate. As the truck turned right from the driveway onto the street, its outside right rear wheel struck and killed the child. The child's tricycle was also struck and was seen bouncing in the street. There was a blind spot in the right rear view mirror in which the driver could not see anything within four feet of the ground in the area of the right rear tire. By bringing this action, the plaintiff assumed the obligation to show that the negligence of the defendants caused the child's death, an affirmative burden not to be "left to surmise, conjecture or imagination." *Richard* v. *R. S. Brine Transp. Co.* 357 Mass. 768. In the opinion of a majority of the court, the plaintiff failed to sustain this burden. The evidence shows only that the driver failed to see the child. There is no evidence that the child was in sight of the driver, that he had reason to expect the child to be on the right side of the truck, or that a driver exercising ordinary prudence would have seen the child. "For all that appears, he did all that ordinary prudence would dictate before starting" the truck. *O'Reilly* v. *Sherman*, 298 Mass. 571, 572–573. *Burke* v. *Durland*, 312 Mass. 291, 292. *Cioffi* v. *Lowell*, 316 Mass. 256, 258. *Callahan* v. *Lach*, 338 Mass. 233, 235. *Parsons* v. *Ryan*, 340 Mass. 245, 249. There was no error in directing verdicts for the defendants.

*Exceptions overruled.*

*Martin L. Aronson* for the plaintiff.
*Charles W. O'Brien* for the defendants.