The defendant was convicted, after a jury trial, of negligent operation of a motor vehicle, G. L. c. 90, § 24(2)(a ).[2] In this consolidated appeal, he argues that the evidence was insufficient to prove negligence beyond a reasonable doubt and that the judge abused his discretion in denying the defendant's motion for new trial, and in doing so without an evidentiary hearing. We affirm.
To prove negligent operation the Commonwealth must show: (1) the defendant operated a motor vehicle; (2) he did so on a public way; and (3) he "did so in a negligent manner so that the lives or safety of the public might have been endangered." Instruction 5.240 of the Criminal Model Jury Instructions for Use in the District Court (2009). See G. L. c. 90, § 24(2)(a ). Because the defendant stipulated to the first two elements, only negligence was in dispute at trial. On appeal, the defendant argues that the Commonwealth failed to prove negligence beyond a reasonable doubt.
Although it is true, as the defendant points out, that excessive speed alone does not mandate a finding of negligence, Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922 (2004), and that "[t]he mere happening of an accident between a motor vehicle and a pedestrian, where the circumstances immediately preceding it are left to conjecture, is not sufficient to prove negligence on the part of the operator of the vehicle," Aucella v. Commonwealth, 406 Mass. 415, 418 (1990), quoting from Callahan v. Lach, 338 Mass. 233, 235 (1958), we are faced with neither situation here where, as we must, we evaluate the totality of the evidence under the familiar standard of Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979).
Viewed in that light, the evidence was sufficient. The defendant was driving a Toyota Camry at excessive speed in the left hand lane behind a pickup truck. He decided to pass the truck on the right. The jury could infer from the relative size of the vehicles, the defendant's position in the driver's seat, and the occurrence of the accident itself that the defendant did not have a clear view of what was ahead in the right lane when he nonetheless decided to change lanes. As a result, the defendant did not see the victim, who was riding a motorized scooter in the right shoulder, despite the fact that the scooter had an orange flag extending above its operator's head. The jury, who took a view, could have found that the road was in a thickly settled neighborhood requiring a speed of no more than thirty miles per hour.[3] Had the defendant been traveling at thirty miles per hour, he would have been able to safely stop his car before hitting the scooter. Indeed, he would have been able to avoid the accident even traveling at forty miles per hour. But as it was, the defendant was driving fifty-two miles per hour and could not stop his car in time. Nor could he safely avoid the scooter by moving to the left because, at that point, he was next to the truck he had been trying to pass. The defendant struck the scooter with sufficient force and speed to cause serious damage to the defendant's car and to cause the scooter operator's death.
The defendant also argues that the trial judge abused his discretion in denying the defendant's motion for a new trial without an evidentiary hearing. "We typically review the grant or denial of a motion for a new trial under the abuse of discretion or other error of law standard." Commonwealth v. Sanchez, 476 Mass. 725, 741 (2017). "A judge is required to conduct an evidentiary hearing on a motion for a new trial only if a substantial issue is raised by the motion or affidavits." Id. at 742, quoting from Commonwealth v. Torres, 469 Mass. 398, 402 (2014). "In deciding whether to hold an evidentiary hearing, 'a judge considers the seriousness of the issues raised and the adequacy of the defendant's showing on those issues.' " Sanchez, supra, quoting from Torres, supra at 402-403. A judge may draw a negative inference from the absence of an affidavit from trial counsel and "conclude that there is no affidavit from counsel because a truthful affidavit would not assist the defendant." Commonwealth v. Martinez, 86 Mass. App. Ct. 545, 551 (2014).[4]
The defendant's new trial motion was made on the ground that trial counsel had been ineffective in three respects: (1) failing to object to the manner in which the view was conducted and to the defendant's absence from the view, (2) failing to retain and use an independent expert, and (3) failing to object to aspects of the prosecutor's closing.[5] To assess a claim of ineffective assistance of counsel, the court looks to see "whether there has been serious incompetency, inefficiency, or inattention of counsel-behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer-and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
The defendant's claims of ineffective counsel must be evaluated against the theory of the defense below and counsel's strategic decisions.[6] Here, the defendant was charged with vehicular homicide. Only one element (negligence) of that serious offense was open to possible defense (indeed the defendant stipulated to the other elements). Sympathy naturally lay against the defendant; the victim was ninety-one years old, was struck in broad daylight despite having a safety flag, and had not died instantly. The path to acquittal was accordingly narrow, and trial counsel's strategy was to avoid forcing the jury into an all or nothing choice on the homicide charge. In order to give the jury a pathway to convict only on the lesser included offense of negligent operation, he developed a strategy that would allow the jury to find negligence but not causation-even though the victim had indisputably been killed. This strategy focused on the idea that a motorist could or would not reasonably foresee that someone would operate a motorized scooter in the road, particularly where there was a sidewalk. To the extent that the strategy depended on the jury finding that the defendant had not been speeding, counsel decided to ask the jury to determine that the speed limit was fifty miles per hour, rather than asking them to decide whether the defendant was driving at forty miles per hour (as he himself estimated) or fifty-two miles per hour (as estimated by the expert). Defense counsel's strategy was successful.
Understanding defense counsel's well thought out trial strategy essentially disposes of the defendant's claims of ineffective assistance of counsel. As to the view, we note at the outset that the trial judge found that the view would be more useful to the jury than it would be prejudicial. The fact that the speed demonstration may not have helped the defendant does not mean that it was unduly prejudicial, otherwise objectionable, or that its prejudicial impact outweighed its utility to the jury. Moreover, as noted above, defense counsel's strategy was to focus on the road's speed limit (governed by the road's characteristics and area) rather than on the defendant's actual speed. The judge and the parties carefully conducted the view and operated on the correct basis that it was not itself evidence. Commonwealth v. Curry, 368 Mass. 195, 197-198 (1975).[7] Finally, the defendant was not entitled to be present during the view, and therefore counsel did not err in failing to object to his absence. See Commonwealth v. Corliss, 470 Mass. 443, 448 (2015), quoting from Commonwealth v. Morganti, 455 Mass. 388, 402-403 (2009) (defendant "does not have a right to be present during a jury view under either the Sixth or the Fourteenth Amendment to the United States Constitution or art. 12 of the Massachusetts Declaration of Rights"). Counsel is not ineffective for failing to make an objection that would not have succeeded had it been made.
The defendant also argues that counsel was ineffective for failing to retain or use an accident reconstruction expert. Trial counsel's decision not to present expert testimony is not "a per se case of ineffective representation." Commonwealth v. Frank, 433 Mass. 185, 192 (2001). "The critical inquiry is whether counsel's choice was an informed and reasonable decision, a consideration to be assessed in light of his over-all representation of the defendant at the trial. If so, the decision was not error, and, therefore, by definition, not a matter 'likely to have unfairly influenced the jury's verdict.' " Ibid., quoting from Commonwealth v. Plant, 417 Mass. 704, 715 (1994). Here, given trial counsel's well-developed (and successful) trial strategy, we agree with the judge that the defendant did not establish that counsel was ineffective for failing to retain or use an accident reconstruction expert.
For the reasons set out above, we also conclude that the judge did not err in denying the defendant's request for an evidentiary hearing.
Judgment affirmed.
Order denying motion for new trial affirmed.

The defendant was charged with motor vehicle homicide by negligent operation, G. L. c. 90, § 24G(b ), but was found guilty of the lesser included offense of negligent operation. The defendant was also found responsible for speeding by the trial judge. That adjudication is not implicated in this appeal.

Because there was no posted speed limit, the speed limit was a question of fact left to the jury to determine based on their assessment of the characteristics of the road and its neighborhood. The judge instructed the jury in accordance with G. L. c. 90, § 17, which provides different speed limits depending on the size of the road and the characteristics of the area in which it is located.

The negative inference is particularly reasonable here because trial counsel engaged with appellate counsel and expressed his view that "[t]here was nothing ineffective about my representation of Mr. Murray."

Having reviewed the prosecutor's closing carefully, we need say nothing more about the defendant's argument other than that it is not supported by the record. The prosecutor correctly stated the law and properly referred to the evidence.

" 'In cases where tactical or strategic decisions of the defendant's counsel are at issue, we conduct our review with some deference to avoid characterizing as unreasonable a defense that was merely unsuccessful' and ask whether the decision was manifestly unreasonable when made." Commonwealth v. LaBrie, 473 Mass. 754, 771 (2016), quoting from Commonwealth v. Kolenovic, 471 Mass. 664, 673-674 (2015).

Further, the judge instructed the jury that, in making their decision, they could only rely on the evidence presented. "[J]urors are presumed to follow a judge's instructions." Commonwealth v. Montez, 450 Mass. 736, 746 (2008).