**Florence Miller ARNOLD et al.,**
**Plaintiffs-Appellees,**

**v.**

**AETNA ENGINEERING COMPANY,**
**Defendant-Appellant.**

**No. 74–1320.**

United States Court of Appeals,
First Circuit.

Argued March 3, 1975.

Decided April 24, 1975.

Martin L. Gross, Concord, N. H., with whom Sulloway, Hollis, Godfrey & Soden, Concord, N. H., was on brief, for defendant-appellant.

W. Wright Danenbarger, Manchester, N. H., with whom Wiggin, Nouries, Sundeen, Pingree & Bigg, Manchester, N. H., William A. Baker and Baker & Page, Lebanon, N. H., were on brief, for plaintiffs-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Defendant Aetna employed one Brian McKeon as a driver. On September 28, 1971, at 2:30 p. m., McKeon was travel-

ling northwesterly in a heavily-laden truck on Interstate Route 89, a four-lane controlled-access highway, near Lebanon, New Hampshire. The weather was clear, the road dry, and traffic conditions medium. He was in the right-hand lane, travelling at 60 (according to his police report) or 65 (according to his deposition testimony) in a 60 miles per hour zone, when he came upon plaintiff Mrs. Arnold's car in the same lane travelling about 50, slower than the other traffic. McKeon deposed that he started to pull out to pass her, and that she slowed down still further, although not abruptly, without signalling so far as he knew. The right front end of the truck collided with the left rear end of the car near the centerline dividing the two northbound lanes. The car was forced off the road and over a twelve-foot embankment. Mrs. Arnold was thrown clear, sustaining serious injury, and she and her husband brought suit. At trial, she was unable to testify as to how the accident happened. Upon the Arnolds' motion for directed verdict at the close of the evidence, the court ruled as a matter of law that McKeon was negligent and Mrs. Arnold was not and submitted the case to the jury on the issue of damages alone.

■ Whenever the evidence, viewed in the light most favorable to the party against whom the motion for directed verdict is made, is such that fair-minded men may draw different inferences therefrom and reasonably disagree as to what the verdict should be, the matter should be allowed to go to the jury. Dumas v. MacLean, 404 F.2d 1062, 1064 (1st Cir. 1968); M. C. Carlisle & Co. v. Cross,

386 F.2d 672, 674 (1st Cir. 1967). This is especially true where the movant has the burden of proof. Federal Ins. Co. v. Summers, 403 F.2d 971, 975–76 (1st Cir. 1968).

■ We think the court erred in taking this case from the jury. To cite a few alternate hypotheses as to the responsibility for the accident, which are not unreasonable on the evidence, McKeon testified that at a speed of 60 or 65 he was being overtaken by the other traffic and that Mrs. Arnold had been travelling at 50 and had slowed down still further. Under New Hampshire law a motorist incurs unreasonable risks if he travels upon a high-speed, limited-access highway at a speed "materially below the permitted and normal speed of other traffic thereon." Quint v. Porietis, 107 N.H. 463, 225 A.2d 179, 182 (1966). Moreover, the general duty to keep a lookout includes the duty to keep a prudent and adequate lookout to the rear. *Id.* The jury could reasonably have found that Mrs. Arnold did not fulfill that duty * and that she could have avoided the accident if she had done so. (There was testimony that she was towards the left of her lane and that a breakdown lane, into which she could have swerved to avoid the impact, was on her right). Thus the jury could reasonably have found that McKeon was not negligent or that Mrs. Arnold's conduct contributed to the accident in mitigation of damages under New Hampshire's rule of comparative negligence. We remand for a new trial on the liability question only. Wilson v. Nooter Corp., 475 F.2d 497, 504 (1st Cir. 1973).

Reversed and remanded.

---

* Indeed, the jury could have inferred that Mrs. Arnold's car was not equipped with a rear view mirror in violation of the N.H.Rev.Stats. Ann. ch. 263:22 (1966). *See* Sullivan v. Le Blanc, 100 N.H. 311, 125 A.2d 652, 655 (1956).