Roberto Landron TRINIDAD et al., Plaintiffs-Appellants,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant-Appellee.

No. 77–1269.

United States Court of Appeals, First Circuit.

Argued Feb. 10, 1978.

Decided May 15, 1978.

Antonio Moreda Toledo, San Juan, P. R., with whom George L. Weasler, Santurce, P. R., and Joseph Calderon Cruz, Bayamon, P. R., were on brief, for plaintiffs-appellants.

Earle L. Blizzard, San Juan, P. R., with whom McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P. R., were on brief, for defendant-appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from a directed verdict against the three plaintiffs-appellants rendered after all the evidence had been presented but before the case was given to the jury for deliberation. The appellants had brought an age-discrimination case against defendant-appellee pursuant to 29 U.S.C. §§ 621 et seq. (Age Discrimination In Employment Act—ADEA). The district judge presciently ruled that appellants were entitled to a jury trial, relying on *Lorillard v. Pons,* —— U.S. ——, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), which, at the time of his ruling, was still waiting in the wings of the Supreme Court.

The traditional test for determining the correctness of a directed verdict has been stated by the Supreme Court as follows:

When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by non-suit, directed verdict or otherwise in accordance with the applicable practice without submission to the jury, or by judgment notwithstanding the verdict. By such direction of the trial the result is saved from the mischance of speculation over legally unfounded claims.

*Brady Administratrix v. Southern Railway Co.,* 320 U.S. 476, 479–480, 64 S.Ct. 232, 234, 88 L.Ed. 239 (1943). *See also Service Auto Supply Co. of Puerto Rico v. Harte & Co.,* 533 F.2d 23 (1st Cir. 1976); *Arnold v. Aetna Engineering Company,* 514 F.2d 1147 (1st Cir. 1975); *Harrington v. United States,* 504 F.2d 1306, 1311–1312 (1st Cir. 1974); *Rainey v. Gay's Express, Inc.,* 275 F.2d 450, 451 (1st Cir. 1960).

We have examined the record carefully and viewing the evidence in the light most favorable to appellants, we find that, "without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there is only one verdict reasonable men could reach." *Harrington v. United States, supra,* 504 F.2d at 1311.

Appellants' claims had their genesis in a drastic reduction of work force in San Juan by the appellee in April of 1975. About three hundred employees were discharged as a result of a severe cutback in flights. The employee layoff was carried out in accord with the seniority provisions of the collective bargaining agreement between appellee and the International Brotherhood of Teamsters. The three appellants, along with five other employees from different departments in the company, exercised their displacement (bumping) rights to take over positions in the cargo department held by employees with less seniority. The ages of the appellants at this time were: Landron Trinidad, 54; Eufrosinio Muniz, 50; and Padro Diaz, 49. The ages of the five other bumpers were: 59, 52, 51, 52, and 48.

An important requirement for working in the cargo department was the ability to type thirty-five words per minute. Appellants met the other two requirements of possessing an automobile license and being in good health. None of the appellants was able to pass the typing examination. They were given seventy-five days by the appellee in which to improve their typing so as to qualify for positions in the cargo department, but were unable to do so. Their employment in that department was then terminated.

There is a dispute as to whether appellants' employment was terminated or whether they were laid off subject to recall. It is clear, however, that any recall would not be back to the cargo department. Appellant Padro Diaz did go back to work as a passenger service agent from June 11 to October 27, 1976, and earned more than $10,000 during this period. Landron Trinidad was given the opportunity to work in the traffic department on a temporary basis, but he turned it down because he was working somewhere else at the time. Eufrosinio Muniz became totally disabled after his layoff and was physically unable to do any kind of work.

It is appellants' position that typing skill is not really required in the cargo department and that their failure to pass the typing examination was only a cover for a firing based on their age.

Appellants do not come close to proving this. All they have proved is their age, their failure to pass the typing exam, and the subsequent denial of permanent employment in the cargo department. No evidence of specific age discrimination has been adduced. Appellants did not mention age as a factor in their grievances to the Union, which they instituted after they were laid off from the cargo department.

The ages of the five other employees who bumped into the cargo department at the same time as appellants and who passed the typing exam and were employed permanently is not significantly different from that of appellants. The only significant difference between the five who were retained in the cargo department and appellants is that the five did pass the typing examination.

Nor has there been any evidence of a pattern of age discrimination by appellee. Indeed, the only evidence is to the contrary. An analysis of appellee's employment termination pattern between 1968 and 1977 shows that out of a total of 518 terminations, 346 or 66.93% were under the age of 40, and 171 or 33.07% were of the age of 40 to 65. The average age of employees in the cargo department at the time of appellants' termination was 50.3 years.

Appellants introduced no evidence that the typing requirement was a sham and cover for discriminatory age firing. On the other hand, witnesses for appellee testified as to why and how rudimentary typing skill was necessary in the cargo department.

The only evidence that even raises an inference of age discrimination was the testimony of appellant Landron Trinidad as to what the head of the cargo department had said:

> Well, this was an expression of Mr. Rodriguez [department head] saying that we were older people and that they sent from traffic to cargo a bunch of Social Security people, and that Padro cannot hold his pants on, and the nervous condition—he made a joke about the nervous condition of Mr. Muniz. App. at 30.

This testimony might, under a liberal interpretation, come under the rubric of a scintilla of evidence. But this does not vitiate the directed verdict: "This court has repeatedly stated that a scintilla of evidence is not enough to warrant submission of an issue to the jury." *Federal Insurance Company v. Summers*, 403 F.2d 971, 974 (1st Cir. 1968). So also in *Brady v. Southern Railway Company, supra*, 320 U.S. at 479, 64 S.Ct. at 234: "The weight of the evidence under the Employers' Liability Act must be more than a scintilla before the case may be properly left to the discretion of the trier of fact—in this case, the jury."

The lack of evidence by appellants here not only allowed, it compelled a directed verdict for the appellee.

This, however, does not conclude our review. Since this is a discrimination case, the shadow of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), cannot be avoided.

We therefore, assume for purposes of this opinion, without so deciding, that the *McDonnell Douglas* test applies to age discrimination cases.[1] It is clear that appellants have failed to make out a *prima facie* case under the *McDonnell Douglas* test because there is no evidence that they were qualified for work in the cargo department; the only evidence is that they were not qualified.

*Affirmed.*

---

1. Authority is divided as to if and how *McDonnell Douglas* should be applied in ADEA cases.

See Note, *The Age Discrimination In Employment Act*, 90 Harv.L.Rev. 2 (1976).