COMMONWEALTH vs. MEHMET RUCI.

Essex. November 6, 1990. - January 14, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & ·GREANEY, JJ.

*Homicide. Practice, Criminal*, Required finding, Capital case.

At a murder trial the defendant was not entitled to a required finding of
    not guilty on so much of the indictment as charged murder in the first
    degree, where the jury were warranted in finding deliberate premedita-
    tion on the basis of evidence that the defendant brought a gun to the
    scene of the crime with intent to kill `his wife, and proceeded to shoot
    her four times, causing her death; any inconsistencies in the witnesses'
    . testimony were for the jury to resolve. [96-97]
Where the actions of a defendant convicted of first degree murder showed
    deliberation, rather than spontaneity, this court, considering the case
    under G. L. c. 278, § 33E, found no occasion to direct the entry of a
    verdict of a lesser degree of guilt. [97-98]

INDICTMENT found and returned in the Superior Court De-
partment on August 3, 1988.

The case was tried before *Robert A. Barton*, J.

*Thomas J. Barrett*, for the defendant.

*Elin H. Graydon*, Assistant District Attorney, for the
Commonwealth.

LIACOS, C.J. On September 19, 1989, an Essex County
jury found the defendant, Mehmet Ruci, guilty of the mur-
der in the first degree of his wife, Maria Ruci. The defendant
appeals from his conviction. His only claim of error is that
the judge erred in denying his motion for a required finding
of not guilty.[1] The defendant also requests that we exercise

[1]Although we are of the view that the defendant's brief barely reaches
the level of adequate appellate argument we give careful consideration to
the defendant's claim of error, as well as a careful review of the entire
record pursuant to our duty under G. L. c. 278, § 33E (1988 ed.). *Com-
monwealth* v. *Lawrence*, 404 Mass. 378, 380 (1989).

our discretionary power under G. L. c. 278, § 33E (1988 ed.), to reduce his conviction to murder in the second degree. We affirm the conviction.

Based on the evidence submitted, the jury would have been warranted in finding these facts. The defendant and the victim were married on June 7, 1981. During the summer of 1984, they opened a "sub shop" in Lynn. In December, 1987, the couple separated. Under the separation agreement, the victim paid the defendant $80,000 and bought him a new automobile in return for his interest in the sub shop. The defendant was subject to a restraining order prohibiting him from visiting his wife, except to the extent that he exercised his right to visit with the couple's minor child.

On the morning of June 7, 1988, the victim arrived at the sub shop at approximately 8 A.M. Sometime after 9 A.M., the victim's sister, sister-in-law, and niece arrived at the shop and began helping the victim prepare food for the day. At approximately 10 A.M., the defendant entered the store, walked to the back of the shop, and, in front of the victim's three relatives, took out a gun and shot his wife two times. The victim collapsed to the floor; the defendant shot her two more times. The defendant turned around and began walking to the front door. The defendant then stopped, reloaded his weapon, and ran out of the shop. The defendant was arrested later that morning; the gun and seven live cartridges were found in his apartment.[2]

The defendant testified that the night before the incident his wife telephoned him and asked him to come to the sub shop. He claimed that, when he walked into the back of the shop, his wife was waiting for him with a gun. The defendant testified that he reached for the gun and that his wife was shot as they struggled for control of the weapon. The defendant claimed that, as he walked toward the shop's front door, he saw a plastic container full of bullets, and that, since he

---

[2]The victim's sister testified that the defendant also pointed the gun at her and pulled the trigger, but the gun did not fire. The defendant was indicted for armed assault with intent to kill his sister-in-law. The jury acquitted him of this charge.

was afraid that they might be used to hurt him, he put the bullets in one of his pockets and ran out of the shop.

1. *Motion for a required finding.* At the end of the Commonwealth's case, the defendant moved for a required finding of not guilty. The judge denied the motion. The defendant argues that the judge erred because there were inconsistencies and discrepancies in the testimony of the three witnesses who observed the incident, and that, as a result, there was insufficient evidence as matter of law to infer the existence of the essential elements of murder in the first degree.[3]

Under Mass R. Crim. P. 25 (a), 378 Mass. 896 (1979), a finding of not guilty shall be entered "if the evidence is insufficient as a matter of law to sustain a conviction on the charge." In reviewing a denial of a motion for a required finding, we must look at the evidence in the light most favorable to the Commonwealth to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979).

In order to prove deliberate premeditation, the Commonwealth must establish that the defendant reflected on his resolution to kill. *Commonwealth* v. *Dalton*, 385 Mass. 190, 196 (1982). *Commonwealth* v. *Soares*, 377 Mass. 461, 469, cert. denied, 444 U.S. 881 (1979). "[W]here the purpose is resolved upon and the mind determined to do it before the blow is struck, then it is, within the meaning of the law, deliberately premeditated malice aforethought." *Commonwealth* v. *Blaikie*, 375 Mass. 601, 605 (1978), quoting *Commonwealth* v. *Tucker*, 189 Mass. 457, 494 (1905). We have stated that, where a defendant brings a gun to the scene of the crime, there is sufficient evidence to support an inference

---

[3]It is unclear from the defendant's motion whether he moved for a finding of not guilty or a finding of not guilty on that part of the indictment which charged murder in the first degree. At oral argument, defense counsel conceded that sufficient evidence was presented with regard to murder in the second degree. We therefore limit our review to the issue whether there was sufficient evidence of deliberate premeditation.

of premeditation. *Commonwealth* v. *Stewart*, 398 Mass. 535, 541 (1986). *Commonwealth* v. *Lattimore*, 396 Mass. 446, 453 (1985), *S.C.*, 400 Mass. 1001 (1987). In the present case, the jury were warranted in finding that the defendant, estranged from his wife, brought a loaded weapon to his wife's sub shop with the intent to kill her, proceeded to shoot her four times, and caused her death.

The defendant claims that the evidence was insufficient because there were inconsistencies in the witnesses' testimony.[4] The inconsistencies in the witnesses' testimony, however, go to their credibility and do not affect the sufficiency of the evidence. " 'Once sufficient evidence is presented to warrant submission of the charges to the jury, it is for the jury alone to determine what weight will be accorded to the evidence.' " *Commonwealth* v. *Hill*, 387 Mass. 619, 624 (1982), quoting *Commonwealth* v. *Hoffer*, 375 Mass. 369, 377 (1978). " 'Credibility is a question for the jury to decide; they may accept or reject, in whole or in part, the testimony presented to them.' " *Commonwealth* v. *Parker*, 389 Mass. 27, 31 (1983), quoting *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 411 (1978). Inconsistent testimony, therefore, does not render the evidence insufficient. *Commonwealth* v. *Clary*, 388 Mass. 583, 589 (1983). "It does not matter that some of the evidence could be characterized as equivocal or contradictory." *Commonwealth* v. *Melchionno*, 29 Mass. App. Ct. 939, 940 (1990). There was no error in the judge's denial of the defendant's motion for a required finding of not guilty due to insufficiency of the evidence.

2. *Review under G. L. c. 278, § 33E.* The defendant requests that we exercise our power under § 33E to reduce his conviction to murder in the second degree. Consistent with our obligations under § 33E, we have considered the entire case on the law and the evidence and conclude that the inter-

[4]The inconsistencies involved matters such as the time in which the three witnesses arrived at the sub shop and their exact positions inside the store when the defendant entered the shop.

ests of justice do not require the entry of a verdict of a lesser degree of guilt than that found by the jury.

In determining whether we should exercise our discretion under § 33E with regard to a conviction of murder in the first degree based on deliberate premeditation, we have stated that a primary consideration is whether the killing reflects " 'spontaneity rather than premeditation.' " *Commonwealth* v. *Garabedian*, 399 Mass. 304, 317 (1987), quoting *Commonwealth* v. *Williams*, 364 Mass. 145, 151 (1973). The facts of this case do not even hint of spontaneity. The defendant and his wife separated six months before the incident. The defendant was subject to a restraining order to stay away from her. On June 7, 1988, on their seventh anniversary, the defendant walked into his wife's sub shop with a loaded weapon. He walked to the back of the shop, and, with three members of her family watching, he shot his wife twice. After the victim fell to the floor, the defendant shot her twice more. The defendant's actions demonstrate deliberation rather than spontaneity. We shall not disturb the jury's verdict.

*Judgment affirmed.*