COMMONWEALTH *vs.* WAYLAND COLEMAN.

Worcester. March 9, 2001. - May 17, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, & COWIN, JJ.

*Homicide. Practice, Criminal,* Required finding, Verdict, Grand jury proceedings, Capital case. *Grand Jury. Rules of Criminal Procedure. Due Process of Law,* Grand jury proceedings.

Evidence at the trial of an indictment for murder was sufficient to support the defendant's conviction on the theory of deliberate premeditation; consequently, there was no merit to the defendant's claim, premised on the same theory, that his murder conviction was obtained in violation of his Federal due process rights. [167-169]

At a murder trial, the judge did not abuse his discretion in denying the defendant's postconviction motion to set aside or to reduce the verdict pursuant to Mass. R. Crim. P. 25(b)(2), where the judge adhered to the proper standards in ruling on the motion, and where the evidence supported the judge's conclusion that there was no evidence suggesting that the defendant killed the victim because he was provoked or engaged in sudden combat. [169-171]

This court, after reconsideration, reaffirmed its holding in *Commonwealth* v. *Smith,* 414 Mass. 437 (1993), that rule 5(g) of the Massachusetts Rules of Criminal Procedure, which permits a prosecutor's presence at a grand jury's deliberations pursuant to the grand jury's request, to assist the grand jury with respect to questions they may have concerning the law, violates neither the due process clause of the Fourteenth Amendment to the United States Constitution nor art. 12 of the Declaration of Rights of the Massachusetts Constitution. [171-173]

INDICTMENTS found and returned in the Superior Court Department on June 13, 1997.

The cases were tried before *Francis R. Fecteau,* J.

*Willie J. Davis* for the defendant.

*Ellyn H. Lazar-Moore,* Assistant District Attorney, for the Commonwealth.

MARSHALL, C.J. The defendant was convicted of murder in the first degree on a theory of deliberate premeditation, and of unlawful possession of a firearm. G. L. c. 269, § 10(*a*). The

trial judge denied the defendant's motion to set aside the verdict and to enter a finding of not guilty or to order a new trial, or, in the alternative, to reduce the verdict to manslaughter. See Mass. R. Crim. P. 25, 378 Mass. 896 (1979). The defendant's motion to reconsider that ruling was also denied. The defendant appeals from his conviction of murder.[1] He challenges the sufficiency of the evidence of deliberate premeditation, and also challenges on constitutional grounds the presence of the prosecutor during the grand jury deliberations and voting. See Mass. R. Crim. P. 5(g), 378 Mass. 850 (1979) ("The prosecuting attorney shall not be present during deliberation and voting except at the request of the grand jury"). The defendant asks that we exercise our power under G. L. c. 278, § 33E, to reduce his conviction to a lesser degree of guilt, or to grant him a new trial. We affirm the defendant's conviction of murder in the first degree, and see no basis to grant relief under G. L. c. 278, § 33E.

1. *Facts.* The jury could have found that at approximately 2 A.M. on May 25, 1997, the defendant was involved in an altercation involving several persons outside a nightclub in Worcester. The fight began when two men attacked the defendant. At some point during or after the fight in which several persons had thrown punches, the defendant left the brawl and went to a nearby automobile where he retrieved a gun from the trunk. He then turned in the direction from which he had come and shot the victim at close range. There was evidence that the victim had followed the defendant to the automobile, but no evidence that the victim was armed at the time of the shooting. There was evidence that the defendant also shot the victim a second time as he lay on the ground. After the shooting, the defendant and three other men jumped into an automobile and sped away.

Paramedics arrived at the scene shortly after the shooting and found the victim with a gunshot wound to his chest. The victim was transported to a hospital, where he died approximately two hours later. A medical examiner located a single bullet that

---

[1]The defendant has not challenged on any basis his conviction of unlawfully possessing a firearm, and accordingly we do not review that conviction. See *Commonwealth* v. *Williams*, 422 Mass. 111, 112 n.1 (1996). See also Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief").

killed the victim lodged in his lower right chest. The gun used in the shooting was not recovered.

2. *Sufficiency of the evidence.* The defendant asserts that the evidence was insufficient to permit the jury to find that the element of deliberate premeditation had been proved beyond a reasonable doubt because there was insufficient time for the defendant to have planned the killing. For the same reason (insufficiency of the evidence to establish the element of deliberate premeditation) the defendant argues that his murder conviction was obtained in violation of his Federal due process rights. *Jackson* v. *Virginia,* 443 U.S. 307, 318-319 (1979). There was no error.

We consider the evidence presented in its light most favorable to the Commonwealth, to determine whether it is sufficient "to permit the jury to infer the existence of the essential elements of the crime charged." *Commonwealth* v. *Latimore,* 378 Mass. 671, 677 (1979), quoting *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975). To convict the defendant of murder in the first degree, the Commonwealth was required to prove beyond a reasonable doubt that the defendant unlawfully killed the victim, with deliberate premeditation and malice aforethought. *Commonwealth* v. *Judge,* 420 Mass. 433, 437 (1995). Because the defendant challenges the sufficiency of the evidence as to one element only — deliberate premeditation — we examine the sufficiency of evidence relevant to that element alone. *Commonwealth* v. *Latimore, supra* at 677-678. The Commonwealth was required to establish beyond a reasonable doubt that the defendant "reflected on his resolution to kill," *Commonwealth* v. *Ruci,* 409 Mass. 94, 96 (1991), and cases cited, and that the defendant's decision to kill was the product of "cool reflection," *Commonwealth* v. *Davis,* 403 Mass. 575, 582 (1988).[2] " 'Cool reflection' merely requires that 'the purpose [be] resolved upon and the mind determined to do it before the blow is struck[;] then it is, within the meaning of the law,

---

[2]As the defendant recognizes, the judge correctly instructed that "deliberate premeditation excludes action which is taken so quickly that there is no time to reflect on the action and then decide to do it. The Commonwealth must show that the defendant's resolution to kill was, at least for some short period of time, the product of reflection."

deliberately premeditated malice aforethought." *Id.*, quoting *Commonwealth* v. *Tucker*, 189 Mass. 457, 494 (1905).

The defendant recognizes that no particular period of reflection is required, and that a plan to murder may be formed in seconds. *Commonwealth* v. *Robertson*, 408 Mass. 747, 757 (1990). See *Commonwealth* v. *Tucker*, *supra* at 495 (deliberate premeditation may be "a matter of days, hours, or even seconds"). He argues that, because the fighting started when two men attacked the defendant and thereafter "everything was spontaneous," there was not enough time for the defendant to plan the killing. We disagree. Three witnesses testified that, during or after a brief fistfight, the defendant walked to the trunk of a nearby automobile and obtained a gun. One witness testified that, as the defendant walked toward an automobile, he overheard another man say, "It ain't over. It ain't over. Pop the trunk. Pop the trunk." This witness saw the trunk pop open, and the man hand something to the defendant, who then turned toward and shot the victim. A rational jury could infer that as the defendant walked toward the automobile, he formed the plan to kill. See *Commonwealth* v. *Whipple*, 377 Mass. 709, 714-715 (1979) (sufficient evidence of premeditation where defendant disengaged from fistfight, obtained gun from nearby automobile, returned and shot victim).

One witness also testified that, after the defendant shot at the victim once, the victim fell to the ground, and the defendant "stepped back like a foot or so, and . . . shot at him again." Other witnesses also heard more than one shot. Because only one bullet wound was located in the victim's body and the victim fell to the ground after the first shot, the defendant argues that this evidence cannot support a finding of deliberate premeditation, as the fatal shot had already been fired. But the jury could have inferred in these circumstances that the multiple shots fired at the victim were evidence of deliberate premeditation, even if only one shot killed the victim. *Commonwealth* v. *Good*, 409 Mass. 612, 618 (1991) (evidence that defendant approached victim and at close range fired three bullets at victim sufficient to support finding that "before the shooting, the defendant at least briefly reflected on his resolution to kill"). See *Commonwealth* v. *Watkins*, 373 Mass. 849, 852 (1977). The

placement of the fatal wound, fired at close range into the victim's chest would also support a finding of deliberate premeditation. *Commonwealth* v. *Robertson, supra* (placement of bullet wound supports jury's finding of deliberate premeditation).

The defendant points to testimony that he claims undermines the evidence of deliberate premeditation, namely that the victim chased the defendant as he approached the automobile from which he obtained the gun. But there was no evidence that the victim was armed, or that the defendant shot the victim to protect himself from the victim. In any event, the defendant's reliance on contradictory evidence is misplaced. "Once sufficient evidence is presented to warrant submission of the charges to the jury, it is for the jury alone to determine what weight will be accorded to the evidence." *Commonwealth* v. *Ruci, supra* at 97, quoting *Commonwealth* v. *Hill*, 387 Mass. 619, 624 (1982).

Because we conclude that there was sufficient evidence to support a finding of deliberate premeditation, there is no merit to the defendant's due process claim premised on the same theory.

3. *Postconviction motion to set aside or to reduce the verdict.* The defendant argues that it was an abuse of discretion for the judge to deny his postconviction motion to set aside or to reduce the verdict pursuant to Mass. R. Crim. P. 25 (b) (2).[3] The judge adhered to the standards to be applied in ruling on such a motion and, for the reasons he articulated, did not abuse his discretion.

---

[3]Rule 25 (b) (2) of the Massachusetts Rules of Criminal Procedure, 378 Mass. 896 (1979), provides in part that, if a motion for a required finding of not guilty is denied and the case is submitted to the jury, "the motion may be renewed within five days after the jury is discharged and may include in the alternative a motion for a new trial. If a verdict of guilty is returned, the judge may on motion set aside the verdict and order a new trial, or order the entry of a finding of not guilty, or order the entry of a finding of guilty of any offense included in the offense charged in the indictment or complaint." See G. L. c. 278, § 11, providing that "the judge may on a renewed motion for a directed verdict of not guilty pursuant to the Massachusetts Rules of Criminal Procedure set aside the verdict and order a new trial, or order the entry of a finding of guilty of any offense included in the offense charged in the indictment or complaint."

First, as to the defendant's postverdict motion for a required finding of not guilty, the judge must assess the legal sufficiency of the evidence by the standard set out in *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979). See *Commonwealth* v. *Doucette*, 408 Mass. 454, 456 (1990). For the reasons discussed in Part 2, *supra*, the defendant's postconviction motion to set aside the verdict was properly denied.

The defendant also argues that the judge abused his discretion by not reducing the verdict because the "verdict was against the weight of the evidence and a manslaughter verdict would be more consonant with justice." Mass. R. Crim. P. 25 (b) (2). The defendant points to the evidence that he did not start the fight, but became involved after being attacked by two unknown men. He notes that there was evidence that the victim was walking or running behind him when the defendant retrieved the gun.[4] He suggests that, because the shooting occurred during a "free-for-all" during which he and the victim exchanged blows, the crime should more properly be seen as manslaughter as the result of provocation or sudden combat.

The defendant correctly states that the judge should have been guided by the same considerations that guide us in exercising our power under G. L. c. 278, § 33E, but insists that the judge did not consider any of the factors on which we have relied in granting relief under that statute. See *Commonwealth* v. *Carter*, 423 Mass. 506, 513 (1996) (this court's authority to reduce verdict under § 33E identical to power of trial judge under rule 25 [b] [2]); *Commonwealth* v. *Gaulden*, 383 Mass. 543, 553 & n.7 (1981).

Rule 25 (b) (2) empowers a judge to reduce a jury's verdict when, in the judge's discretion, the lesser verdict is required in the interests of justice. *Commonwealth* v. *Doucette, supra.* We have noted, however, that a judge should exercise this broad power sparingly. See *Commonwealth* v. *Woodward*, 427 Mass. 659, 667 (1998); *Commonwealth* v. *Keough*, 385 Mass. 314, 319-321 (1982). The judge concluded that "considering the weight and credibility of the Commonwealth's case, the verdict was consonant with justice" and "in the interest of justice." On

---

[4]The defendant insists that he did not shoot the victim but recognizes that the evidence warranted a jury finding to that effect.

our own review of the evidence, without benefit of the judge's superior information regarding the credibility of the witnesses, we cannot conclude that he abused his discretion. The evidence recited above supports the judge's conclusion that there is no evidence suggesting that the defendant killed the victim because he was provoked or engaged in sudden combat.

The verdict in this case is consistent with similar cases that have resulted in verdicts of murder in the first degree. See, e.g., *Commonwealth* v. *Whipple*, 377 Mass. 709, 711-715 (1979) (verdict not reduced where defendant left brief fistfight to obtain gun and returned to shoot victim); *Commonwealth* v. *Watkins*, 373 Mass. 849, 852-853 (1977) (verdict not reduced where evidence showed that during argument defendant ran to another room, retrieved knife, returned, and stabbed victim). The judge applied the proper legal standards, and did not abuse his discretion in denying the defendant's motion.

4. *Grand jury proceedings.* The prosecutor was present during grand jury deliberations and voting. The defendant asserts that his presence at those times "is presumed prejudice and fundamental error," and violates the due process clause of the Fourteenth Amendment to the United States Constitution, and art. 12 of the Massachusetts Declaration of Rights.[5] Rule 5 (g) of the Massachusetts Rules of Criminal Procedure permits the presence of the prosecutor in the grand jury, on an affirmative vote of the grand jury. In this case, the grand jury voted unanimously to request the prosecutor's presence during their deliberations and vote. The defendant recognizes that our rule allows this practice, and that the grand jury's vote in this case was proper. He also recognizes that in *Commonwealth* v. *Smith*, 414 Mass. 437 (1993), we rejected this same constitutional challenge to our rule. He properly, and with welcome frankness, notes that there is no evidence that, in this case, the prosecutor improperly interfered with the grand jury. He simply asks us to reconsider our holding in *Commonwealth* v. *Smith, supra.* We

---

[5]The defendant refers passingly to additional challenges to the integrity of the grand jury that he made in the trial court, including that the grand jury heard only hearsay testimony and that the prosecutor did not present evidence that exculpated the defendant. He makes no argument on appeal with respect to those claims and they are waived. See Mass. R. A. P. 16 (a) (4).

have done so, and conclude once again that our procedural rule does not suffer from any constitutional infirmity.

The defendant points to Fed. R. Crim. P. 6 (d), which provides that "no person other than the jurors may be present while the grand jury is deliberating or voting." As we noted in *Commonwealth* v. *Smith, supra* at 439, citing *United States* v. *Williams,* 504 U.S. 36 (1992), and *United States* v. *Hastings,* 461 U.S. 499, 505 (1983), the United States Supreme Court has characterized Fed. R. Crim. P. 6 (d) as a "procedural rule[ ] not specifically required by the Constitution or the Congress." "While rule 6 (d) was surely designed to promote 'the integrity of the grand jury's functions' . . . it does not follow that a different rule, such as Mass. R. Crim. P. 5 (g), which is also designed to promote the integrity of the grand jury process, is fundamentally unfair and violative of due process" (citation omitted). *Commonwealth* v. *Smith, supra,* quoting *United States* v. *Williams, supra* at 46. But see *United States* v. *Mechanik,* 475 U.S. 66, 74-75 (1986) (O'Connor, J., concurring) ("if the prosecuting attorney were to remain in the jury room during the jury's deliberations in contravention of the Rule, a very real possibility would arise that the jury's deliberations or vote would be unduly influenced by the prosecutor's presence").

We recognize that prosecutorial misconduct during grand jury proceedings would have serious consequences, and that the prosecutor has a duty to refrain from conduct that would produce a wrongful indictment. As we noted in *Commonwealth* v. *Smith, supra,* the prosecutor has no right to stay with the grand jury, and must withdraw on their request. *Id.* at 441. He must remain silent unless his advice or opinion is sought, and cannot participate in deliberations or express opinion on questions of fact. *Id.* His duty is to present the evidence, and explain the meaning of the law. *Id.* He may not attempt in any way to influence the outcome of the deliberations. *Id.* As a constitutional matter, we cannot conclude that the mere presence of the prosecutor during grand jury deliberations invalidates the proceedings.

Our rules of procedure are not cast in stone, and through our approved process, rules can be and are amended from time to time. Rule 5 (g) of the Massachusetts rules seeks an appropriate

balance between the independence of the grand jury and the need of lay grand jurors to have the assistance of the prosecutor's legal expertise. Rule 6 (d) of the Federal rules embodies a different but similar accommodation of those twin objectives. Our decision today does not foreclose a change to our rule in the future.

5. *Review under G. L. c. 278, § 33E.* We have reviewed the entire record. We decline to exercise our authority under G. L. c. 278, § 33E, to direct the entry of a verdict of a lesser degree of guilt, or to order a new trial.

*Judgment affirmed.*