After a one-day jury trial in the Dorchester Division of the Boston Municipal Court, the defendant, Thuy Duong, was convicted of witness intimidation in violation of G. L. c. 268, § 13B. On appeal, the defendant contends that the judge wrongly denied her motion for a required finding of not guilty because the evidence was insufficient to support her conviction. The defendant further argues that the jury instructions were erroneous. We discern no cause to disturb the judgment and affirm, addressing the defendant's claims in turn.
Background. On February 24, 2016, the victim, Vem Thi, who was in her seventies, appeared at the Dorchester Division of the Boston Municipal Court prepared to testify in a criminal proceeding against her former landlord, "Bach," for hitting her in the face. Before taking the stand, the victim received three to five telephone calls from the defendant, who identified herself as Bach's wife and asked the victim to testify that she had fallen and that Bach never hit her. The defendant further stated, "[T]hings will happen ... [and i]f you say Bach hit [you], then there will be serious thing[s]." Later that day, the victim went and reported those telephone calls to the Boston police department. At trial, the victim confirmed that the caller was the defendant.
Discussion. 1. Sufficiency of the evidence. In reviewing the judge's denial of the defendant's motion for a required finding of not guilty, we must determine whether any rational jury, when considering all the evidence in the light most favorable to the Commonwealth, could have found the essential elements of the crime beyond a reasonable doubt. See Commonwealth v. Ruci, 409 Mass. 94, 96 (1991), citing Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). The defendant claims that her motion should have been allowed because there was no evidence that the defendant threatened or intimidated the victim. Here, the judge did not err in denying the defendant's motion, as sufficient evidence was presented for a rational trier of fact to conclude that the defendant was guilty of witness intimidation beyond a reasonable doubt.
General Laws c. 268, § 13B, as appearing in St. 2006, c. 48, § 3, provides in relevant part: "Whoever, directly or indirectly, willfully ... threatens, or attempts or causes physical injury[ ] [or] emotional injury ... to ... or ... intimidates or harasses another person who is ... a witness or potential witness at any stage of a criminal ... trial or other criminal proceeding of any type ... shall be punished."
Neither party disputes that the defendant had called the victim on February 24, 2016, before the victim was to testify against Bach in a criminal trial. The defendant further admits to telling the victim that "serious thing[s]" would happen if she testified. Still, the defendant argues that she said nothing in those telephone calls that could be interpreted as threatening, claiming that "serious thing[s]" referred to the serious consequences Bach faced at trial, and that there was no testimony that the victim even understood those words as threatening or emotionally upsetting. Given the victim's testimony and the context of those communications, including the parties somewhat strained landlord-tenant relationship and the victim's allegation that she had been previously hit by Bach, we disagree.
"Intimidation, according to the cases, is putting a person in fear for the purpose of influencing his or her conduct." Commonwealth v. McCreary, 45 Mass. App. Ct. 797, 799 (1998). In determining whether the defendant made a threat, the statements should not be considered in isolation, but may be considered in light of the context in which they were made and all of the surrounding circumstances. See Commonwealth v. Pagels, 69 Mass. App. Ct. 607, 613 (2007). In addition, statements may be characterized as a threat without "an explicit statement of an intention to harm the victim as long as circumstances support the victim's fearful or apprehensive response." Commonwealth v. Chou, 433 Mass. 229, 234 (2001).
At trial, evidence of witness intimidation was supported by the testimony of the victim, who stated that the defendant initiated each of the telephone calls. In addition, the defendant, not the victim, directed the conversation. The time and the circumstance of the contact, just before the victim was going to testify, strongly suggest that it was a matter of urgency, see Commonwealth v. Robinson, 444 Mass. 102, 110 (2005), and that the defendant informed the victim that the victim would face "serious" and adverse consequences if she did not comply, as opposed to what would happen to Bach if the victim did testify. After having received the defendant's calls, the victim reacted by going to the Boston police department later that day and reporting the statements. See Chou, supra. In light of the evidence presented, including the victim's relationship with the defendant and Bach, a rational jury could have concluded that the evidence was sufficient to support a conviction under G. L. c. 268, § 13B.
2. Jury instructions. The defendant did not object to the jury instructions at trial, but argues on appeal that the judge should have defined the meaning of the word "harassment," because the defendant was "charged under section A of the statute ... [and h]arassment ...is contained in section C of the statute." The defendant contends that the absence of such a definition constituted an error in the jury instruction that was "likely dispositive of the case and thereby substantially risked a miscarriage of justice." We disagree.
A substantial risk of a miscarriage of justice arises "if the evidence and the case as a whole [leave the reviewing court] with a serious doubt that the defendant['s] guilt had been fairly adjudicated." Commonwealth v. Amirault, 424 Mass. 618, 646-647 (1997) (citation omitted). Here, the complaint does not limit the Commonwealth to the theory of intimidation in § 13B(1)(a ), but includes the terms "intimidate or harass." As such, the judge properly instructed the jury that the Commonwealth must prove beyond a reasonable doubt that the defendant "directly or indirectly threatened, attempted to cause emotional injury or caused emotional injury, intimidated or harassed another person."
Furthermore, this case is distinguishable from the case on which the defendant relies, Commonwealth v. Conley, 34 Mass. App. Ct. 50 (1993). The judge in this case properly recited the elements that the Commonwealth was required to prove, unlike in Conley where the judge omitted an essential element of the crime of witness intimidation with the likely result of confusing or misleading the jury. See id. at 55-56. There was no error.
Judgment affirmed.