NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-40

COMMONWEALTH

vs.

HARRY ZENON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in Superior Court, the defendant was convicted of two counts of rape of a child, in violation of G. L. c. 265, § 23, and one count of indecent assault and battery on a child under fourteen years old, in violation of G. L. c. 265, § 13B. He was acquitted of three counts of rape of a child aggravated by age difference, in violation of G. L. c. 265, § 23A. The defendant now appeals from his convictions, arguing that the first complaint witness's testimony did not support the victim's testimony and therefore resulted in a substantial risk of a miscarriage of justice, the victim's emotional outburst during cross-examination unfairly prejudiced him, and the Commonwealth's evidence was insufficient to sustain the convictions because the victim's testimony was allegedly inconsistent. We affirm.

Background.[1]  The victim testified at trial that she first encountered the defendant, her great uncle, when she was approximately nine years old while visiting her father, who was living at the defendant's house in Worcester.  The victim testified that between 2007 and 2011, she (then between the ages of ten and thirteen) was sexually assaulted and raped numerous times by the defendant.  She also testified that, after she moved to Florida with her father in 2011, she intermittently communicated with a friend who had also been part of the Haitian community in Worcester.  The victim ultimately disclosed the sexual abuse to her friend, who testified at trial as the Commonwealth's first complaint witness.  The friend relayed that the victim disclosed that she had been touched by her uncle in an uncomfortable way, which made her sad, depressed, and scared.

The defendant testified that he did not spend much time alone with the victim and denied that he raped or inappropriately touched her.  Two of the defendant's daughters testified that he did not spend time alone with the victim, and the mother of three of the defendant's children testified that she was not aware of the victim's allegations against the defendant.

---

[1] We reserve certain facts for later discussion.

Discussion. 1. First complaint testimony. The defendant argues that the testimony of the victim's friend as a first complaint witness resulted in a substantial risk of a miscarriage of justice, requiring reversal. He argues that inconsistencies between the testimony of the victim and her friend undermined the reliability of the victim's testimony, the gap in time between the sexual assaults and the victim's first complaint was too long to be credible, and it is implausible that a child victim subjected to such continuing abuse would tell a friend with whom the victim communicated only occasionally before someone in her own family.

The purpose of a first complaint witness is to "refute any false inference that silence is evidence of a lack of credibility on the part of rape complainants," and "to give the jury as complete a picture as possible of how the accusation of sexual assault first arose." Commonwealth v. King, 445 Mass. 217, 243, 247 (2005). First complaint testimony may be admitted for the purpose of assisting the jury in "determining whether to credit the complainant's testimony about the alleged sexual assault[, but] may not be used to prove the truth of the allegations." Id. at 219.

The defendant's argument here fails because our case law "permit[s] some discrepancy between the testimony of the complainant and the first complaint witness." Commonwealth v.

Rivera, 83 Mass. App. Ct. 581, 586 (2013).  In fact, some inconsistency "is expected," and it "will often aid the jury in determining whether the [first] complaint testimony ultimately supports the complainant's story."  King, 445 Mass. at 235.  Thus, while the defendant was entitled during closing argument to bring any inconsistencies between the victim's and her friend's testimony to the jury's attention and argue that, as a result, the victim was not credible, the mere existence of such inconsistency is not a basis for reversal.

Similarly, the timing of a victim's first complaint "will not disqualify the evidence, but is a factor the jury may consider in deciding whether the first complaint testimony supports the complainant's credibility or reliability."  King, 445 Mass. at 219.  Furthermore, "there is no absolute rule of law as to the time within which a sexual assault victim must make her first complaint" and "cases involving child sexual abuse constitute a factually distinct branch of the [first] complaint doctrine that gives special consideration to the natural fear, ignorance, and susceptibility to intimidation that is unique to a young child's make-up."  Commonwealth v. Smith, 59 Mass. App. Ct. 181, 184 (2003) (citation omitted).  Here, the victim reported the abuse to her friend a few years after the final incident of sexual assault.  This delay in disclosure was not so long as to render the friend's testimony inadmissible

4

because the victim was a child both at the time of the sexual assaults and when she made the complaint to her friend. Further, the defendant had been a "father figure" for the victim, providing her with food and shelter, and the victim was living in another State, removed from the defendant, when she made her complaint. See Commonwealth v. McKinnon, 35 Mass. App. Ct. 398, 399-404 (1993) (thirty-four month delay in child sexual assault case determined to be reasonably prompt given circumstances of disclosure). Again, the reliability of the first complaint witness's testimony was a question for the jury to consider. To that end, the judge instructed the jury that "[t]he length of time between the alleged crime and the report of the complainant to this witness is one factor you may consider in evaluating the complainant's testimony. But you may also consider that sexual assault complainants may delay reporting the crime for a variety of reasons."

Finally, the defendant's argument relating to the victim confiding in her friend as opposed to her family is also without merit. It is not implausible that a victim who was sexually assaulted by her great uncle, and who testified that other members of her family had been abusive, would be hesitant to disclose the crimes committed against her to that same family. The jury could appropriately consider these circumstances relating to the disclosure. See King, 445 Mass. at 245-246.

Accordingly, we conclude that the first complaint testimony provides no basis for reversal of the defendant's convictions. To the extent the defendant contends that the testimony should not have been admitted because it conflicts with the victim's testimony, that objection goes to the weight, not the admissibility of the testimony. To the extent the defendant argues that inconsistencies between the two accounts rendered the victim's testimony insufficiently credible to support conviction, that is in essence a challenge to the sufficiency of the evidence, an issue that we discuss below.

2. The victim's outburst at trial. While testifying at trial, the victim engaged in what the judge described as an "outburst" after being pressed by defense counsel to identify specific dates on which the sexual assaults occurred.[2] Any unfair prejudice resulting from this emotional testimony was appropriately mitigated by the judge. See, e.g., Commonwealth v. Martinez, 437 Mass. 84, 89-90 (2002). The judge halted

---

[2] After defense counsel asked the victim to identify the first date on which the defendant improperly touched her, the victim responded that she could not "tell you any dates, because it happened numerous times, back and forth, time and time and time and time and time and time again, time again, time again, time again, rape me, rape me, rape me, beat me, rape me, rape me over and over. . . . Stop asking me about time when he raped me numerous times, numerous times, numerous times. Sometimes daily, sometimes often, so numerous times. I can't tell you a specific date." At this point, the judge dismissed the jury so that he could address the victim outside their presence.

defense counsel's questioning, dismissed the jury from the court room, and told the victim: "[Y]our outburst at the time is something that we really can't have in a court. So I'm asking you to do whatever it takes to remain as calm as you can." He then proposed a curative instruction directing the jury to put aside sympathy and other emotions and focus on the facts of the case, and both defense counsel and the prosecutor agreed with that approach. The judge so instructed the jury when they reentered the court room. Given our presumption that juries follow judge's instructions, see Commonwealth v. Helfant, 398 Mass. 214, 228-229 (1986), and the record here does not suggest otherwise, we conclude that the victim's outburst did not unfairly prejudice the defendant. The fact that the jury acquitted the defendant of three counts of rape of a child aggravated by age difference further shows that they were not improperly swept away by bias or prejudice resulting from this outburst.

3. <u>Sufficiency of the evidence</u>. The defendant argues there was insufficient evidence to support his convictions beyond a reasonable doubt. He bases this argument primarily on alleged inconsistencies in the victim's testimony.

In reviewing a claim of insufficient evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found

7

the essential elements of the crime beyond a reasonable doubt."
Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting
Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). "The
relevant question is whether the evidence would permit a jury to
find guilt, not whether the evidence requires such a finding."
Commonwealth v. Brown, 401 Mass. 745, 747 (1988).

The elements of rape of a child under G. L. c. 265, § 23,
are "(1) sexual intercourse or unnatural sexual intercourse with
(2) a child under sixteen years of age." Commonwealth v.
Lawton, 82 Mass. App. Ct. 528, 533 (2012). Here, the victim
testified that the defendant "forced his penis into [her]
vagina" when she was ten years old. She also testified that the
defendant would insert his finger into her vagina and would go
"in and out . . . with his fingers" when she was between the age
of ten and thirteen.[3] Based on this evidence, we conclude that a
rational jury could have found the essential elements of the
crime of rape beyond a reasonable doubt. See Commonwealth v.
Santos, 100 Mass. App. Ct. 1, 3 (2021) (in sexual assault case,

---

[3] The verdict slip for count five, the second count of rape of a
child, stated: "(Act: fingers into vagina) (bedroom – bed –
with other kids in bed)." Penetrating the victim's vagina
digitally is sufficient to convict on this rape charge. See
Commonwealth v. Gallant, 373 Mass. 577, 584 (1977) ("Similarly,
the definition of 'unnatural sexual intercourse' must be taken
to include oral and anal intercourse, including fellatio,
cunnilingus, and other intrusions of a part of a person's body
or other object into the genital or anal opening of another
person's body").

8

victim's testimony was "sufficient, standing alone, to support a finding beyond a reasonable doubt").

The elements of indecent assault and battery on a child under the age of fourteen under G. L. c. 235, § 13B, are "(1) the child was not yet fourteen years old at the time of the offense, (2) the defendant intentionally touched the child without legal justification or excuse, and (3) the touching was indecent." Commonwealth v. Colon, 93 Mass. App. Ct. 560, 562 (2018). "[T]he intentional, unjustified touching of private areas such as the breasts, abdomen, buttocks, thighs, and pubic area . . . constitutes an indecent assault and battery." Id. Here, the victim testified that, while she was living with the defendant when she was between the ages of nine and thirteen, the defendant "was touching on [her] training bra" and "kept touching [her] under [her] shirt and stuff." This evidence, viewed in the light most favorable to the Commonwealth, was sufficient to permit a rational jury to find all three elements of indecent assault and battery beyond a reasonable doubt.

There is no merit to the defendant's argument that the evidence was insufficient because the victim's testimony was inconsistent. Alleged inconsistencies in a witness's testimony "go to their credibility and do not affect the sufficiency of the evidence." Commonwealth v. Ruci, 409 Mass. 94, 97 (1991). "Once sufficient evidence is presented to warrant submission of

the charges to the jury, it is for the jury alone to determine what weight will be accorded to the evidence" (citation omitted).  Id.

Judgments affirmed.

By the Court (Green, C.J.,
   Vuono, Wolohojian,
   Desmond & Toone, JJ.[4]),

Assistant Clerk

Entered:  March 4, 2024.

---

[4] The panelists are listed in order of seniority.