NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-330

COMMONWEALTH

vs.

ASHTON ANDERSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bifurcated jury-waived trial in the District Court, the defendant was convicted of operating under the influence of intoxicating liquor (OUI), second offense, and negligent operation of a motor vehicle.[1]  On appeal, the defendant challenges the sufficiency of the evidence of both his intoxication and his negligent operation.  We affirm.

Discussion.  1.  Standard of review.  In assessing the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any

---

[1] The judge also found the defendant responsible for a civil marked lanes violation.  That infraction is not at issue in this appeal, however.

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). "The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable.'" Commonwealth v. Waller, 90 Mass. App. Ct. 295, 303 (2016), quoting Commonwealth v. Woods, 466 Mass. 707, 713 (2014).

2. Intoxication. We summarize the evidence in the light most favorable to the Commonwealth.[2] See Latimore, 378 Mass. at 677. The defendant came to the attention of the State police when he caused a multicar collision on Route 18 in New Bedford. The defendant's car had collided with a portion of an overpass on Route 18, left the road to the right, knocked down a light pole, crossed Route 18, left the roadway to the left, and then stopped on the median.

When two Massachusetts State police troopers, Jeremy Young and Bryce Boswell, responded to the accident report, the defendant was lying on the ground and being treated by medical personnel. The defendant's eyes were bloodshot and glassy, his

---

[2] Because the defendant challenges only the sufficiency of the evidence of his intoxication, we limit our focus to that element. See Commonwealth v. Coleman, 434 Mass. 165, 167 (2001) (limiting appellate review to specific finding challenged on appeal).

2

speech was slurred, he seemed confused,[3] and he smelled of an alcoholic beverage.  In response to Young's question about how the accident occurred, the defendant said that he had "lost control" of the car.  The defendant was arrested and transported to the hospital, and Boswell followed because the defendant was in custody.

At the hospital, the defendant behaved belligerently, shouting at and using "vulgar language" toward medical personnel and Boswell.  The defendant's eyes remained red and glassy, and he continued to smell of an alcoholic beverage, despite having changed his clothes.  Boswell eventually formed the opinion that the defendant was under the influence of alcohol.  Applying the Latimore standard, we are satisfied that the totality of this evidence was sufficient to establish the defendant's intoxication by alcohol.[4]  378 Mass. at 677.  See Commonwealth v.

---

[3] The defendant told Young that "he couldn't believe that he got in a crash, so he started walking, and then he decided to lay down" on the median.

[4] When the judge announced her verdicts, she summarized the evidence on which she relied in finding the defendant guilty of OUI.  The judge did not indicate that she relied on the evidence of two "nip" bottles found on the ground near where the defendant was lying when the police first encountered him.  We agree with the defendant that this omission demonstrates that the judge did not consider this evidence as probative of the defendant's intoxication.  We therefore need not and do not address the defendant's challenges to the introduction of that evidence at trial.

Canty, 466 Mass. 535, 544 (2013) (lay opinion "regarding a defendant's level of sobriety or intoxication [by alcohol]" is admissible); Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017) (evidence of classic signs of alcohol intoxication, such as bloodshot and glassy eyes, odor of alcohol, slurred speech, imbalance, and inability to follow directions, is sufficient to prove intoxication); Commonwealth v. Dussault, 71 Mass. App. Ct. 542, 545 (2008) (evidence of defendant's erratic driving, bloodshot eyes, odor of alcohol, slurred speech, and unsteady gait, along with presence of empty alcohol containers in vehicle, is sufficient to prove intoxication); Commonwealth v. Manning, 41 Mass. App. Ct. 18, 21-22 (1996) (circumstances of collision are sufficient to raise inference of OUI); Commonwealth v. Sudderth, 37 Mass. App. Ct. 317, 321 (1994) (evidence of defendant's belligerence, unsteadiness, and odor of alcoholic beverage is relevant to finding of intoxication).

For the first time on appeal, the defendant contends that, where Boswell testified that the defendant's statements at the hospital included the defendant's assertions that he was "on medication" for "some type of medical ailment," the Commonwealth was required to show that alcohol was a "contributing cause" of the defendant's impairment. Commonwealth v. Stathopoulos, 401

4

Mass. 453, 457 (1988). On this record,[5] however, we are satisfied that the Commonwealth did not need to do so. The evidence did not include any information about the "medication" at issue, and simply could not establish that such medication had any intoxicating properties. Contrast id. at 454 (voluntary intoxication by alcohol and PCP). Cf. Commonwealth v. Bishop, 78 Mass. App. Ct. 70, 71 (2010) (involuntary intoxication by alcohol and fluoxetine). In contrast, as we have discussed, the evidence considered in the light most favorable to the Commonwealth amply supported the conclusion that the defendant was intoxicated by alcohol. The evidence of the defendant's unspecified "ailment" and his related use of "medication" does not undermine the evidence that alcohol -- regardless of the amount consumed -- was at least a contributing cause of his intoxication. See Stathopoulos, supra at 457.

3. Negligent operation. "To prove negligent operation, 'the Commonwealth must prove that the defendant (1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered.'" Commonwealth v. Tsonis, 96 Mass. App. Ct. 214, 219-220 (2019),

_____

[5] The record does not include the video recordings made on the body cameras that Young and Boswell were wearing at the times relevant to this appeal. Although the judge viewed some of the footage from those cameras, the video recordings were not entered into evidence.

quoting Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017).

Here, the defendant challenges only the sufficiency of the

evidence of the third element -- negligence.  Applying the

Latimore standard, we are satisfied that the evidence of the

defendant "los[ing] control" of his car, striking a bridge

abutment, leveling a light pole, and swerving off of the road

before stopping on a median, all while intoxicated by alcohol,

is sufficient to satisfy that element.[6]  See Commonwealth v.

Zagwyn, 482 Mass. 1020, 1021-1022 (2019); Ross, 92 Mass. App.

Ct. at 380; Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922-

923 (2004).  Contrast Aucella v. Commonwealth, 406 Mass. 415,

418 (1990), quoting Callahan v. Lach, 338 Mass. 233, 235 (1958)

("The mere happening of an accident" is insufficient to prove

---

[6] Additionally, we note that, although the statute only requires proof that the defendant "might have endangered the safety of the public," Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019), in the light most favorable to the Commonwealth, the defendant's conduct here actually did put other drivers at risk.

driver's negligence).  The defendant's motions for required findings of not guilty were thus properly denied.

Judgments affirmed.

By the Court (Ditkoff, Hand & Walsh, JJ.[7]),

Clerk

Entered:  April 25, 2025.

---

[7] The panelists are listed in order of seniority.