NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-111

COMMONWEALTH

vs.

JEFFREY FLEURY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a trial in the Superior Court, a jury convicted the defendant, Jeffrey Fleury, of rape of a child aggravated by more than a five year age difference[1] and witness intimidation.[2]  The defendant appeals, arguing the judge erred in denying the defendant's required finding of not guilty because the evidence did not establish the elements of the crimes.  In addition, the defendant argues that the Commonwealth's closing argument improperly referenced facts not in evidence, exploited excluded evidence, and impermissibly encouraged the jury to speculate, resulting in a substantial risk of a miscarriage of justice.

---

[1] G. L. c. 265, § 23A (a).

[2] G. L. c. 268, § 13B.

Because there was sufficient evidence to support the convictions, and no substantial risk of a miscarriage of justice, we affirm.

Background.  The jury could have found the following facts. The victim was born in 2011.  The defendant was born in 1967. At the time of trial, the victim was eleven years of age, and the defendant was fifty-five years of age.

Starting when the victim was five months old, she and her brother would routinely visit their grandmother in her trailer, where the victim's grandmother lived with her then-boyfriend, the defendant.  On multiple visits, when the victim was around four or five years of age, the defendant brought the victim into the bathroom and anally raped her.  When the defendant was finished raping the victim, he told her, "Don't tell anyone, and [you'll] get a surprise."

In May 2020, when the victim was eight years of age, she disclosed to her grandmother that the defendant had sexually assaulted her.

Discussion.  1.  Sufficiency of evidence.  We review the denial of a motion for a required finding of not guilty "to determine 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. Tavares, 484 Mass. 650, 655

2

(2020), quoting Commonwealth v. Cole, 473 Mass. 317, 334 (2015). "The relevant question is whether the evidence would permit a jury to find guilt, not whether the evidence requires such a finding." Commonwealth v. Brown, 401 Mass. 745, 747 (1988).

a. Rape of a child. The defendant argues the Commonwealth did not meet its burden of proof in proving the rape of a child charges, claiming that the victim's testimony was inconsistent and speculative concerning details of the rapes. Specifically, the defendant asserts that because the victim testified that she had no memory of visiting the trailer after her family moved to Michigan in August 2015, the abuse could have only taken place between July 1, 2015, and August 31, 2015.[3] The defendant further claims a number of details in the victim's testimony cast doubt on her allegations, including the height discrepancy between the defendant and the victim, the absence of complaints of pain or physical evidence of rape from the victim in the aftermath of the abuse, and some conjecture in her testimony around the details of the abuse. We are not persuaded.

Alleged inconsistencies in a witness's testimony "go to their credibility and do not affect the sufficiency of the evidence." Commonwealth v. Ruci, 409 Mass. 94, 97 (1991). "Once sufficient evidence is presented to warrant submission of

---

[3] The indictments charged that the offenses took place on various dates from July 1, 2015, to October 31, 2017.

3

the charges to the jury, it is for the jury alone to determine what weight will be accorded to the evidence" (citation omitted).  Id.

Here, the victim testified that, "[m]ore than once," the defendant "put his pee pee into [her] butt" when she was "around four [years old]."  Based on this testimony, and even in the absence of physical evidence, we conclude that a rational jury could have found the essential elements of the crime of rape of a child aggravated by a five year age difference beyond a reasonable doubt.[4]  See Commonwealth v. Alvarez, 480 Mass. 299, 310 n.4 (2018) ("The uncorroborated testimony of a child is sufficient to support a conviction of sexual assault"); Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021) (in sexual assault case with no witnesses, physical evidence, or forensic evidence, "[victim's] testimony, which the jury found to be credible, was sufficient, standing alone, to support a finding beyond a reasonable doubt").

b.  Witness intimidation.  The version of the witness intimidation statute in effect at the time of the offense, G. L.

_____

[4] The elements of rape of a child aggravated by a five year age difference are (1) the defendant had sexual intercourse or unnatural sexual intercourse (2) with a victim under twelve years of age, and (3) there existed more than a five year age difference between the defendant and the victim.  See G. L. c. 265, § 23A (a).

c. 268, § 13B, as amended through St. 2010, c. 256, § 120,

provided, in relevant part, the following:

> "Whoever, directly or indirectly, willfully . . . conveys a gift, offer or promise of anything of value to . . . another person who is . . . a witness or potential witness . . . with the intent to impede, obstruct, delay, harm, punish or otherwise interfere thereby, or do so with reckless disregard, with such a proceeding shall be punished."

The defendant argues the Commonwealth did not present sufficient evidence to support a conviction on this charge, contending that a promise of an unspecified surprise is not a promise of something "of value."[5]  See Commonwealth v. Cruz, 442 Mass. 299, 309 (2004) ("An essential element of [§ 13B] is the offer of a bribe or the use of intimidation, force, or the threat of force").  We disagree.

"[T]he word 'value' . . . may refer to things (tangible or intangible) that are of significance, desirability, or importance to the witness."  Bellard, 494 Mass. at 449-450. Further, the "thing" promised need not actually be delivered;

---

[5] The Commonwealth was not required to demonstrate that the defendant intimidated the victim in order to support the witness intimidation conviction, as the defendant argues, because "the witness intimidation statute . . . prohibits more than acts of intimidation, threats, or violence against witnesses." Commonwealth v. Bellard, 494 Mass. 446, 448 (2024).  Relevant to this case, the statute also prohibits bribery with the intent to obstruct or delay a criminal investigation or proceeding.  See Commonwealth v. Hamilton, 459 Mass. 422, 434 (2011).

rather, a defendant must simply have "some conceivable ability to deliver."  Id. at 454.

 Here, the defendant promised the victim "Don't tell anyone, and [you'll] get a surprise."  The "surprise" promised by the defendant to the victim, while not descriptive, references a specific tangible "thing" that the victim, as a four year old girl, could have reasonably viewed subjectively as valuable. See Bellard, 494 Mass. at 449-450.  The defendant also had ample opportunity to deliver the "surprise" to the victim, as he lived with the victim's grandmother and saw the victim often.  See id. at 454.  Thus, where the defendant made a promise of a "surprise" to the victim that she, as a four year old child, viewed as valuable and imminent, and he did so hoping to prevent the victim from exposing his abuse of her, a rational jury could have found the defendant guilty of witness intimidation.[6]  See Commonwealth v. Fragata, 480 Mass. 121, 126 (2018) ("It is enough that the jury reasonably conclude from the surrounding circumstances that it was likely that the victim would furnish to an official investigating authority information pertaining to

---

[6] Further, according to the victim's testimony, the promise of the "surprise" delayed her reporting of the sexual abuse. When asked why she didn't tell anyone about the abuse "for a while," the victim replied, "I thought it was okay . . . [a]nd I guess I just wanted a surprise."

6

the crime and that the defendant intended to discourage such communication" [citation omitted]).

2. Closing argument. The defendant next argues that the Commonwealth erred in its closing argument by referring to facts not in evidence, exploiting excluded evidence, and improperly encouraging jurors to speculate. When evaluating error in a prosecutor's closing argument, we must consider "(1) whether the defendant seasonably objected; (2) whether the error was limited to collateral issues or went to the heart of the case; (3) what specific or general instructions the judge gave the jury which may have mitigated the mistake; and (4) whether the error, in the circumstances, possibly made a difference in the jury's conclusions." Commonwealth v. Kater, 432 Mass. 404, 422-423 (2000). "Because there was no objection to the admission of the challenged remarks, we review the defendant's claim[s] under the substantial risk of a miscarriage of justice standard." Commonwealth v. Rivera, 97 Mass. App. Ct. 285, 289 (2020).

a. Facts not in evidence. First, the defendant asserts that in its closing, the Commonwealth impermissibly referred to the victim's Sexual Abuse Intervention Network (SAIN) Zoom interview, which was not in evidence. In its closing, the Commonwealth stated, "It was defense counsel that was misunderstanding what [the victim] had said in her Zoom interview; versus standing on the side of the toilet versus

7

standing facing the toilet. [The victim] never said during her Zoom interview that she faced the front of the toilet."

The Commonwealth's reference to the Zoom interview, which was not in evidence, did not amount to a substantial risk of a miscarriage of justice. The defendant's counsel was the first to refer to the victim's Zoom interview with specificity, and did so extensively both on cross examination of the victim and during her closing argument.[7] In her closing, the defendant's counsel relied on the Zoom interview to argue that the victim's testimony was inconsistent as to her body position while the defendant raped her, and to refute an essential element of the witness intimidation charge where the victim stated, "I don't remember that [the defendant] promised me anything." The Commonwealth was entitled to respond to the defendant's arguments, and any reference to the Zoom interview in the Commonwealth's closing was done only to acknowledge, and subsequently refute, the defendant's closing statement. See Commonwealth v. Bresilla, 470 Mass. 422, 438 (2015) ("The prosecutor was entitled to offer a response to defense counsel's closing argument . . ."); Commonwealth v. Bradshaw, 385 Mass. 244, 277 (1982) (prosecutor has right of retaliatory reply to correct "an erroneous impression created by opposing counsel"

---

[7] The Commonwealth, in response, asked the victim about the Zoom interview on redirect examination.

8

[citation omitted]).  Further, the information the defendant argues the Commonwealth improperly referenced was not new to the jury; the victim stated multiple times during her testimony that she was on the side of the toilet and facing the toilet when the rapes occurred.  Thus, even if the Commonwealth's reference to the interview was an error, we do not have "serious doubt whether the result of the trial might have been different had the [reference] not been made."  Commonwealth v. Silvelo, 96 Mass. App. Ct. 85, 91 (2019), quoting Commonwealth v. Dirgo, 474 Mass. 1012, 1016 (2016).

   b.  Excluded evidence.  Second, the defendant asserts that the Commonwealth improperly exploited excluded evidence in its closing.  In its closing, the Commonwealth stated,

> "[w]hile the evidence shows that [the victim's grandmother] was upset and angry at the defendant immediately after being kicked out of the trailer in October of 2017, there is no evidence that her anger lasted beyond late 2017, let alone two and a half years later into May of 2020 or five years later to today."

Specifically, where the Commonwealth claims that there was no evidence the victim's grandmother's anger lasted beyond late 2017, the defendant claims it exploited excluded evidence including a small claims suit the victim's grandmother filed against the defendant in November 2017 and testimony that the victim's grandmother threatened to hurt the defendant with a knife.  We are not persuaded.  The small claims suit was brought

9

in November 2017.  The knife threat occurred around the same time that the victim's grandmother was arrested for assault and battery and had a restraining order issued against her by the defendant; both of these events occurred in late 2017 as well. Therefore, the Commonwealth's statement was an accurate representation of the evidence and did not reference, or improperly exploit, excluded evidence.  Contrast Commonwealth v. Harris, 443 Mass. 714, 732-733 (2005) (substantial risk of miscarriage of justice where Commonwealth requested prior acts evidence showing complainant was sex worker be excluded and then argued absence of such evidence allowed inference that complainant was not sex worker).

c.  Improper jury speculation.  The defendant argues that the Commonwealth impermissibly encouraged the jury to speculate. Specifically, he argues that because the victim did not recall the exact dates of the abuse, the Commonwealth's statement that "the defendant had plenty of opportunities to sexually abuse [the victim] during her visits to the trailer" is not a reasonable inference from the evidence.

The Commonwealth's statement did not create a substantial risk of a miscarriage of justice because the Commonwealth was not required to prove the exact date the offenses occurred.  See G. L. c. 265, § 23A (a).  See also Commonwealth v. Clarke, 48 Mass. App. Ct. 482, 489 (2000) ("the date and time of the

10

offense are not elements of the crime of aggravated rape").  The argument was properly grounded in the evidence, as the victim's mother recalled what the victim herself had forgotten, testifying to their family's visits from Michigan to Massachusetts and the dates of those visits.  See Brandt v. Davis, 98 Mass. App. Ct. 734, 739 (2020) ("failure of memory . . . does not directly contradict [another's] affirmative recollection").  Finally, even assuming arguendo that the Commonwealth's statement impermissibly prompted the jury to speculate as to the nature of the evidence, the judge's numerous instructions to the jury that arguments of counsel are not evidence eliminated any substantial risk of a miscarriage of justice.  See Kater, 432 Mass. at 423.

Judgments affirmed.

By the Court (Henry, Smyth & Toone, JJ.[8]),

Clerk

Entered:  July 18, 2025.

---

[8] The panelists are listed in order of seniority.